## SHORTER'S ADM'R *vs.* MIMS et als.

1. The injunction meant by the statute (Clay's Dig. 357, § 79,) upon the dissolution of which the bond is to have the force and effect of a judgment, is the writ of injunction, and unless such writ issues, there is nothing to support the statutory judgment.

2. On a motion to quash an execution, it is not admissible to prove a mistake in the judgment, as to the name of one of the parties by whom it was confessed, so as to make it support the execution; but such mistake can only be corrected, if at all, by a direct proceeding for that purpose.

3. Where the execution, issued on an injunction bond which misdescribes the judgment sought to be enjoined, pursues such judgment, it cannot be so amended as to make it conform to the judgment described in the bond and thus vary from that which it was intended to describe.

ERROR to the Circuit Court of Macon. Tried before the Hon. John J. Woodward.

COCKE, for the plaintiff in error:

McIVER & RICE, for the defendants.

PARSONS, J.—James H. Shorter, in his life-time, on the 28th day of January 1840, commenced his action of assumpsit, in the Circuit Court of Macon county, against Henry Mims, Rene Fitzpatrick, Edward F. Mahone and Hamilton Duke. The action was brought on a promissory note made by Henry

Mims, Fitzpatrick, Mahone and Hamilton Duke, payable to the order of James H. Shorter. The declaration is against the same parties, and it describes Rene Fitzpatrick and Edward F. Mahone as partners, trading under the firm of Fitzpatrick & Mahone. Next in the transcript after the declaration is the judgment entry, in the margin of which the names of the parties are stated thus: "James H. Shorter v. Henry Mims et al." The judgment shows that the plaintiff appeared by his attorney and that the defendants came in their proper persons and confessed judgment for $6069 35, and the judgment was rendered for that amount and the costs. It appears by another part of the record that previous to the time of the judgment a paper was signed by Rene Fitzpatrick, Henry Mims, John R. Mahone, Hamilton Duke and James H. Shorter, by which the four first were stated to be the defendants in six suits pending in the Circuit Court of Macon, brought by James H. Shorter, which suits are specifically stated, and the suit which I have first mentioned is one of them, and it was agreed by the defendants that they would confess judgments in the six cases, for the amounts that were specifically stated, with some stipulations that are not material in the present question. It appears that this paper was entered upon the minutes of the court, but the counsel for the defendants in error insists that it does not appear that it was so entered by the order of the court. That, however, is not a necessary question in the case according to the view we take of it.

Subsequently to the judgment, Henry Mims filed his bill in chancery against Shorter, praying an injunction and relief against the judgments, including the one for $6069 35. The register of the Court of Chancery, on the 22d April 1842, granted the injuction, to be issued upon the compainant's entering into bond and security. On the same day a bond was executed by Mims and certain persons as his sureties, binding themselves to Shorter in the penalty of $12,600. In the condition it is recited that Shorter had obtained two judgments against Mims, one for $438 94 and $17 costs, and the other for $6069 35 and $17 87 costs, against Henry Mims, Rene Fitzpatrick, John R. Mahone and Hamilton Duke; also, that Mims had that day filed his bill and obtained an order that "an injunction supersedeas" should issue restraining farther proceedings "on said judgment and execution" until further order of the Court of Chancery.

Then the condition is, that if Mims shall prosecute said suit to effect and abide and perform the order of the court in the premises, he paying all damages that Shorter may sustain by reason of the injunction, then the bond to be void. The only injunction in the case was issued on the 23d day of April 1842. This injunction restrains proceedings on the judgment for $438 94, but it is clear it does not include the judgment for $6069 35, besides costs. The chancellor dismissed the bill at the cost of the complainant and his sureties, and decreed that the injunction bond should have the force and effect of a judgment and be certified according to the statute to the court of law. After this the plaintiff in the judgment for $6069 35, Mr. Shorter, caused several successive writs of *fieri facias* to be issued against the defendants in that judgment and the sureties in the injunction bond, and the latter moved the Circuit Court of Macon to quash the executions, which was done, and the question is, was it right to quash the executions? All will admit that, in general, an execution must agree with the judgment in respect of the parties, and generally in every thing that is material. Whether the judgment in this case is to be considered as a judgment against Edward F. Mahone or John R. Mahone, as one of the defendants, is a question which is immaterial; for, be that either way, this execution includes persons who were not defendants to the judgment; for it includes those who were sureties in the injunction bond. Then, the true question is, should those sureties have been included in the executions in this case? The 27th rule of chancery practice provides that an injunction to stay proceedings at law shall not issue, until bond and security have been given in such sum and with such condition as the chancellor or judge may direct.—Clay's Dig. 615. There was, however, a statute in force at the time this injunction was granted, which allowed the register to grant it. Another statute, Clay's Dig. 357, § 79, is as follows: "Every bond, executed for the purpose of obtaining an injunction, shall, on the dissolution of said injunction, have the force and effect of a judgment, and it shall be lawful for the party or parties, whose judgment may have been enjoined, to take out execution against all the obligors in the bond for the amount enjoined," &c. The execution, in such cases, is to be issued from the court of law. But in the present case, the injunction did not extend to or exclude the

executions, or the judgment from which they issued. In this case there was no injunction, and, of course, none was or could have been dissolved in this case. According to the statute, the bond is to have the force and effect of a judgment, upon the dissolution of the injunction. This means, we think, the writ of injunction, and not the bill, the fiat, or the bond. It follows from this view of the case, that there was no statutory judgment, from which an execution could be issued, against the original defendants in the judgment and the sureties in the injunction bond, or any of them. Therefore, we think, there was no error in quashing the executions. The chancellor's order that the bond should have the force and effect of a judgment, must be interpreted by the case that was before him, and limited to the case or cases included in the bill, to which the injunction extended. It is not necessary, therefore, to consider the regularity of the bond, or order, or injunction, on any other ground.

2. The defendant in the motion to quash offered to prove that the judgment for $6069 35 was confessed not by Edward F. Mahone, but by John R. Mahone, among others. This evidence was rejected by the court. If there is any mode of correcting such a mistake in a judgment, it must be done in a direct proceeding. We think the evidence offered was properly rejected on the motion to quash.

3. While the motion to quash was under consideration, the defendant in the motion, by consent of parties, submitted a cross motion to amend the executions "so as to make them conform to the judgment for $6069 35, as described in the above recited injunction bond." But the court quashed the executions, nevertheless. If the motion had been to amend the executions, so as to conform to the original judgment, although that would have been to amend by striking out some of the parties in the execution, it perhaps might have been sustained by some of the English cases and some of our own, which go very far. But the motion was very different; it was to make them conform to the judgment, as the same is described in the injunction bond—thus they would have been made to conform to the bond, but to vary from the judgment, in respect of one of the parties. This motion was properly overruled. And whether the executions were amendable or not, so as to agree with the original judgment, it does not lie upon the court to amend for a party's benefit, con-

trary to his wish. The party, in effect, insisted that the executions should be amended, so as to conform to the bond, that is to say, to the judgment as described in the bond. This the court ought not to have done. It cannot be presumed in this case that the party asking the amendment would have been content with such amendment as the court ought to have made, and the court was not bound to force it on him, and this distinguishes this case from all that was held in Sheppard v. Melloy, 12 Ala. 561.

The judgment is affirmed.

CHILTON, J., having been of counsel before he was elected to the bench, did not sit in this case.