No. 7.—EBENEZER H. SWINNEY, plaintiff in error, *vs.* WAT-
KINS & RAGLAND, defendants in error.

[1.] Remedy by illegality does not lie for any error lying back of the judgment.
To reach and rectify a wrong of this sort, a motion must be made to set aside
the judgment, or recourse may be had to Equity.

[2.] When the principal is called at the Term to which his *ca. sa.* bond is made
returnable, and answering to his name, presents himself before the Court,
the security is entitled to his discharge. It might be very well in all cases,
for an exoneretur to be entered upon the minutes of the Court.

Debt on *Ca. Sa.* Bond, in Dougherty Superior Court. De-
cision by Judge POWERS, at December Term, 1856.

James J. Green being arrested by virtue of a *capias ad satis-
faciendum*, issued from the Superior Court of Dougherty coun-
ty, at the suit of Watkins & Ragland, entered into bond, with
Ebenezer H. Swinney as his surety, conditioned to "appear
at the next Term of said Superior Court, then and there to
stand to and abide by such proceedings as may be had by the
Court in relation to his taking the benefit of the act entitled
"An act for the relief of honest debtors," passed in the year
1823."

The bond was dated 25th January, 1856.

At the Term of the Court to which defendant according,
to the bond, was to appear, to-wit: at June Term, 1856,
when the case was called on the motion docket, Green was
in the Court-House, and answered to the case, and as the bill
of exceptions states, "surrendered himself up in Court."

Upon motion, judgment was entered against him and
Swinney, his surety, for the amount of the debt, and *fi. fa.*
issued, which was levied upon a house and lot belonging to
Swinney who filed his affidavit of illegality, on the ground
that the judgment and *fi. fa.* issued upon the *ca. sa.* bond of
Green, when he " did appear and answer to the call, and was
in the Court-House in the bar of the Court at the time judg-
ment was entered; wherefore affiant says that judgment and
execution are both fraudulent against him."

The Court held, that the ground taken in the affidavit was insufficient—overruled and dismissed the same, and ordered the *fi. fa.* to proceed; and counsel for Swinney, excepted.

STROZIER & SLAUGHTER, for plaintiffs in error.

LYON, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

J. J. Green having been arrested upon a *ca. sa.* at the instance of Watkins & Ragland, gave the usual bond, with E. H. Swinney as security for his appearence at the next Term of the Court, to take the benefit of the insolvent debtors' act. At that time an order was taken to enter up judgment upon the bond, against the principal and his security, upon the ground, that Green had failed to appear. An execution issued, and Swinney the security, arrested the proceeding by affidavit of illegality, in which it is alleged and sworn, that Green when called, did appear, and come within the bar of the Court. The Court at the hearing, dismissed the illegality, and we are of the opinion that the judgment was right.

[1.] According to the general understanding and practice of the Courts, the proceeding by illegality must be for something wrong, either in the issuing of the execution, or for something which transpires subsequently, as for instance payment, which would make it wrong to enforce the *fi. fa.* In other words, it does not reach back behind the judgment and this is attempted to be done in the present case.

[2.] We do not think the security however, to be remediless. He is entitled to his day in Court—an opportunity of being heard, and if the fact be, that Green did appear when called, and was present in Court ready to stand to and abide by the judgment of the Court, the security should be discharged from his obligation. The principal may surrender himself; why was he not ordered into custody? Our opinion further is, that the security may by motion, set aside the

judgment on this ground.   This remedy is neither more nor less, than the writ of error, *coram nobis,* in the English books, and which is in daily use in our Courts.

If there be anything peculiar in the case, recourse might be had to Equity, to make the remedy more effectual.   No such resort would seem to be necessary in the present case.

Judgment affirmed.