Rose et al. v. Pearson.

---

### ROSE ET AL. *vs.* PEARSON.

[MOTION TO QUASH EXECUTION ON FORFEITED BOND, AND SET ASIDE RETURN OF FORFEITURE.]

1. *Forthcoming bonds in detinue cases, and under 3d section of "stay law" of February 8, 1861.*—Where the complaint in an action of detinue, instituted in April, 1861, is in the form prescribed by the Code, (p. 552,) "for the recovery of chattels in specie"; while the forthcoming bond taken from the defendant, instead of being conditioned as required by section 2192 of the Code, is drawn in pursuance of the provisions of the third section of the act approved February 8, 1861, commonly called the "stay law," (Session Acts, 1861, p. 4,) there is no statute which gives to the bond, when returned forfeited, the force and effect of a judgment, or authorizes the issue of an execution on it,

APPEAL from the Circuit Court of Henry.
Tried before the Hon. H. D. CLAYTON.

THE facts of the case are stated in the opinion of the court.

ALPHEUS BAKER, and STONE, CLOPTON & CLANTON, for the appellant.

JAS. L. PUGH, and F. M. WOOD, *contra.*

A. J. WALKER, C. J.—In April, 1861, the appellee, Pearson, instituted an action of detinue against the appellant, Rose. The complaint is in the form prescribed by the Code, in actions "for the recovery of chattels in specie." Code, p. 552. The plaintiff made affidavit, that the property for which suit was brought belonged to him, and also gave bond, with surety, conditioned as prescribed in section 2192 of the Code. The clerk made an order, directing the sheriff to take the property in*to* his possession, unless the defendant should give bond, with good and sufficient sureties for the forthcoming of the property to answer the lien created by a specified mortgage, on which a described note alone was unpaid, or, in default thereof, to pay such debt and interest, with all cost. Judgment, on verdict, was rendered for the plaintiff, in October, 1866. On the 18th February, 1867, the clerk issued a *fieri facias,* in which, after reciting that the bond above described had been returned by the sheriff "forfeited," he commands that officer to make out of the defendant, and the sureties on his bond, the amount of the judgment and costs. Another execution, o similar character, was issued to another county. A motion was made, in the names of the defendant and his sureties on his bond, to set aside the forfeiture of the bond, and to quash the execution.

The bond to be given by the defendant in detinue, in order that he may retain possession of the property, as prescribed in the Code, is conditioned, that if cast in the suit, he will, within thirty days thereafter, deliver the property to the plaintiff, and pay all costs and damages, which may accrue from the detention thereof.—Code, § 2192. The condition of the bond here is altogether different. It is, that the defendant will have the property forthcoming to answer the lien of a certain mortgage. Therefore, section 2195 of the Code, which gives to the former bond the effect of a judgment, and authorizes the issue of execution upon

Rose et al. v. Pearson.

its forfeiture, can have no reference to the bond in this case, or direct the mode of its enforcement.

The bond is drawn conformably to the third section of the act of 8th February, 1861.—Session Acts, p. 4. That section prohibits the sale of property, under a mortgage or deed of trust, without actual possession thereof. It then proceeds to provide a mode of recovering possession by the trustee, or mortgagee having a power of sale, when the grantor, on demand, fails to deliver possession, after making default; and that if the property be personal, and the plaintiff make affidavit of title, the sheriff should take possession, unless the grantor should give bond, " as in detinue cases," conditioned as above stated. There is nothing in the complaint to identify this with the action authorized by the 3d section of the act of 1861. The circumstances, under which the action is permitted by the statute, are not averred in the complaint. This, therefore, not appearing from the complaint to be an action in which the bond is directed to be taken, it is contended that there was an entire want of authority to take it; and that therefore no-execution could issue upon it.

We do not find it necessary to affirm or disaffirm the correctness of this argument. But there is another, and a conclusive reason, why the bond here can not have the effect of a judgment, upon which execution may issue. Such effect can never be conceded to a bond, without the authority of a statute.—*Campbell v. May*, 31 Ala. 567. There is no statute, which gives to this bond the effect of a judgment. We are pointed to the direction of the statute, that the " grantor shall give bond, with good and sufficient sureties, *as in detinue cases*," as showing that the bond shall have the effect of a judgment in the same manner with the defendant's bond in the ordinary detinue suit. It is probable that the words, " as in detinue cases," were designed to require that the bond should be, as in detinue cases, in double the amount of the value of the property. But, however this may be, the language pertains to the manner in which the bond is to be given, and admits of no construction which would refer it to the effect of the bond.

The third section of the act of 8th February, 1861, to-

gether with other sections and another act, were repealed by the 16th section of the act of 10th December, 1861. Pamphlet Acts, p. 38. To the repealing clause there is added a proviso, that bonds taken in pursuance of the repealed acts should remain valid, and might be returned forfeited as provided in the repealed acts; and that executions might be issued thereon, as provided by the repealing law. It is obvious that the purpose of the proviso to the repealing act was, not to impart a new effect to the bonds taken under the repealed law, but to leave their validity and effect unaffected by the repeal. There is no provision, either in the original act, or in the act containing the repealing clause, which gives to this bond the effect of a judgment, or authorizes the issue of execution upon it.

There was no authority to declare the bond forfeited and issue execution upon it.

The remedy resorted to in this case is held to be the proper one, in *Shorter v. Mims*, 18 Ala. 655.

The judgment of the court below is reversed, and a judgment is here rendered, quashing the execution in favor of B. F. Pearson, against C. A. Rose, E. W. Cotter, B. C. Flake, H. W. B. Price, and R. A. Solomon.