LEAH M. MERRICK, Respondent, *v.* HARRISON M. MERRICK, Appellant.

### January 15, 1878.

1. Where there is no question as to jurisdiction, the law conclusively presumes that the judgment rendered is lawful, and courts will so construe it as to give it its proper legal effect. It cannot be attacked for error or irregularity upon a motion to quash the execution; such a motion must be grounded upon something subsequent to the judgment, and where the execution substantially pursues the judgment there is no fault in the execution.

2. A decree for alimony at the rate of $60 per month from the date of judgment may be considered as an allowance of alimony from year to year at $750 per year, the first year ending on the anniversary of the date of the decree.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

T. Z. BLACKMAN and G. A. MADILL, for appellant, cited: *Waters* v. *Waters*, 49 Mo. 385, and cases cited; Wag. Stat., chap. 46, secs. 6, 13.

LUCIEN EATON, for respondent: A judgment cannot be attacked for error or irregularity upon a motion to quash an execution issued thereunder. — *Judge* v. *Judge*, 38 Mo. 159; *Harvey* v. *Tyler*, 2 Wall. 328; *Hendrickson* v. *Railroad Co.*, 34 Mo. 188. Execution under decree for alimony. —

*Schmidt* v. *Schmidt*, 26 Mo. 235; *Waters* v. *Waters*, 49 Mo. 385; *Foulk* v. *Colburn*, 48 Mo. 225.

Hayden, J., delivered the opinion of the court.

This case comes here on appeal from the order of the court below overruling a motion to quash an execution issued upon a decree of divorce and for alimony. The suit was returnable to the October term, 1875, of the Circuit Court; a default was taken, and a decree rendered Oct. 29, 1875, in favor of the respondent here, of which the following is the concluding portion: "And it is further ordered, adjudged, and decreed, that the defendant pay to plaintiff, for her alimony, *and maintenance* of her child, the sum of ninety dollars per month, commencing on the fifteenth day of September, 1875, and the like sum on the fifteenth day of each and every month thereafter; and in default of payment on any of said days, that execution issue." At the next term, and on Nov. 1, 1875, on motion of appellant to set aside the order granting respondent alimony and attorney's fees, the court below ordered that the motion be sustained, the order of decree continuing as follows: "And thereupon come the parties, by their attorneys; and the court having duly heard the testimony produced, it is ordered that the plaintiff recover, of the defendant, alimony, at the rate of sixty dollars per month, from the twenty-ninth day of October, 1875, the day of the rendition of the judgment herein rendered, and that execution issue for said alimony. And it is further ordered by the court, that said defendant pay to said plaintiff the sum of seventy-five dollars, counsel-fees; and that, in default of payment of said sum by said defendant, execution issue therefor." On Feb. 7, 1877, an *alias* execution issued, reciting the recovery of the "sum of seventy-five dollars for attorney's fee, also sixty dollars a month for alimony from said Oct. 29, 1875, together with twenty dollars and sixty-five cents for costs and charges in

that suit expended," and commanding the sheriff, of the goods, etc., of the defendant, to make "the attorney's fee, alimony, and costs," etc.

There was a motion to quash the execution, filed Feb. 15, 1877, on the grounds that it was unsupported by any decree; that the decree was void; that the court had authority to decree alimony from month to month, etc.; that the execution is not for any definite sum, and was issued irregularly and without leave of court.

It is unnecessary to closely compare the two decrees in the present case, but it may be remarked that the argument of the appellant is based largely on an assumption that the sixth section of the chapter in regard to divorce, etc. (Gen. Stat. 561, sec. 6), provides one scheme, and that the second section of the act amendatory of that chapter (Sess. Acts 1868, p. 47, sec. 2) provides another and distinct scheme. This is not a correct assumption; and, moreover, the two sections are not portions of one digested law, the so-called thirteenth section, as given in Wagner's edition of the statutes, being supplementary to and amendatory of the chapter of the revision. There is no implication that because features of the sixth section are embodied in what is called this first decree, therefore it was not the intention of the court below to act, in making the second decree, under any power conferred by the amendatory section. The supplementary act gives supplementary powers.

It is not, however, upon arguments drawn from comparing the two decrees, that the decision of this case should be placed. That the action of the court below in refusing to quash the execution was correct will appear as a deduction from elementary principles. No exception, in any form, was taken to the last decree, and it stands unattacked in any way, except so far as it is now attacked under the guise of a motion to quash the execution issued upon it. But there is no fault in the execution, apart from the fault in the judgment. If the terms of the execution are indefinite, or

insufficient for the purpose which the respondent seeks to accomplish by it, that is because of the insufficiency of the decree. And the question as to the decree is not whether that is in due form, but whether the appellant can now attack it.

It was early decided that if a regular writ were issued on an erroneous judgment, the judgment would bind until it was reversed, and this was put on the ground that the judgment was the act of the court; but it was said that if a judgment or execution were vacated for irregularity by the court which gave it, this was the fault of the plaintiff, and he could not justify thereunder. The sheriff, charged, for instance, with trespass, could, it would seem, justify under an irregular judgment, set aside subsequently to the alleged trespass, as well as under an erroneous judgment, as he was not privy to the irregularity. If the writ was not void, it seems to have been held a good justification to the officer, however irregular. *Philips* v. *Biron*, 1 Stra. 509 ; *Parsons* v. *Lloyd*, 2 W. Black. 845, and cases cited ; *King* v. *Harrison*, 15 East, 615, and note *e;* 2 Tidd's Pr. 1032*. Where a judgment of a court which has jurisdiction of the subject-matter and of the parties is either erroneous or irregularly entered, but stands unreversed and unvacated, and with no attempt made to supersede, alter, or in any way reform it, it would seem clear, on principle, that an execution issued on it cannot be quashed on the ground of error or informality in the judgment. If the action of the court is presumptively valid, and error must be shown by a direct and appropriate proceeding, if no such error is shown, it is difficult to see why the presumption does not become conclusive. It is no hardship that a defendant should be concluded by a judgment of which he has not complained ; and a contrary holding, to the effect that upon a motion to quash the execution a defendant might attack the judgment for error or irregularity, would indefinitely extend the time allowed for that purpose and unreasonably protract litiga-

tion. Such seems the doctrine of the cases, when they hold
that the motion to quash the execution should be grounded
upon something subsequent to the judgment, and that,
where the execution substantially pursues the judgment,
there is no fault in the execution. *Swinney* v. *Watkins*,
22 Ga. 570 ; *Shorter's Administrator* v. *Mims*, 18 Ala. 658 ;
*Skidmore* v. *Bradford*, 4 Pa. St. 296.

As there is here no question as to jurisdiction, the law
conclusively presumes that the last judgment is a lawful
judgment, and it will be so construed as to give it its proper
legal effect. Indeed, no violence need be done to its mean-
ing, and nothing is wanted but greater exactness of ex-
pression. The argument of the appellant is, that the judg-
ment must intend a sum in gross, since it states no time
when the allowance is payable ; that it fails to say when, if
the allowance is not paid, execution is to issue, etc. But
the alimony may be considered as from year to year, the
time of payment the twenty-ninth day of October of each
year, the first year ending Oct. 29, 1876, and the rate of
payment as being $60 a month, or $720 a year. If paid
before execution, it is obvious that execution need not issue.

The order of the court below is, with the concurrence of
all the judges, affirmed.