WARWICK GIN & COTTON CO. *v.* CONTINENTAL GIN CO.

1. Where a part of the territory of one county was, by the terms of an act of the legislature, annexed to an adjoining county, and a resident of the territory thus annexed was made a deputy sheriff of the county to which the territory was annexed, and during his incumbency as deputy sheriff he served a copy of a suit and the process issued from the superior court of the county to which the legislative act purported to annex the territory referred to, the act of service was that of a de facto officer and was not void and of no effect, although subsequently to the time of the service the act of the legislature purporting to annex the territory to the county in which the suit was brought was, by this court, held to be unconstitutional, null and void.

2. Where a defendant, in a suit of which service was made as stated in the foregoing headnote, was a resident of the territory annexed as stated, and, after the suit had matured to judgment, contested the validity of such judgment by filing an affidavit of illegality to the levy of the fi. fa. issued on the judgment, upon the ground that it had never been served and had never appeared nor pleaded, the affidavit of illegality was properly dismissed where the evidence showed service as above set forth; it not appearing from a production of the record of the court in which the judgment was rendered, or by other competent evidence, that there had been no waiver of the alleged want of jurisdiction,—it not being sufficient merely for the defendant to show that it had neither appeared nor pleaded.

JUNE 17, 1915.

Affidavit of illegality of execution. Before Judge George. Crisp superior court. March 10, 1914.

An execution in favor of the Continental Gin Company, issued upon a judgment of the superior court of Crisp county, was levied upon certain property as the property of the Warwick Gin and Cotton Company. The last-named company, defendant in fi. fa., interposed an affidavit of illegality, setting up that the execution was proceeding illegally on the grounds, (1) that the defendant in fi. fa. had had no service or notice of the filing or the pendency of the suit which resulted in the judgment upon which the execution was based, nor had it waived service or authorized any one to do so for it, and that it did not appear and defend said suit; and (2) that the defendant in fi. fa. was, at the time of the filing of the suit and at the time of the filing of the affidavit of illegality, a resident of Worth county, Georgia and not of Crisp county, and that the superior court of Crisp county did not have jurisdiction of the case, the defendant having neither appeared nor pleaded. The case was before the judge without the intervention of a jury, upon an agreed statement of facts, which was in substance as follows: The Continental Gin Company filed suit in the superior court of Crisp county, on the 29th day of October, 1912, upon certain promissory notes signed by the Warwick Gin and Cotton Company. The petition alleged that the defendant was a corporation having an office and place of business in Crisp county. Process was issued by the clerk of the superior court of Crisp county, directed to the sheriff of Crisp county and his lawful deputies. An entry of the service of the petition and process was made upon the petition by J. C. Dupree, as deputy sheriff of Crisp county. The entry recited that service had been perfected upon the Warwick Gin and Cotton Company by personal service upon its president, John F. Wise. At the February term, 1913, verdict and judgment were rendered in favor of the plaintiff, the defendant having neither appeared nor pleaded. On this judgment execution issued, and upon the levy thereof the defendant interposed an affidavit of illegality, and duly filed its traverse of the entry of service. At the time of the filing of suit and the rendition of judgment, the defendant was a corporation chartered by the superior court of Worth county, with its principal office and place of business fixed by charter and in fact located at Warwick, which place was, at the

time of the filing of the suit, and still is, in the county of Worth. At the time of the filing of the suit, and at all times since, Worth county had a sheriff in commission and laboring under no disability or legal impediment. Dupree, who as deputy sheriff of Crisp county made the service upon the defendant, was at the time a resident of Worth county. Prior to the time of filing the suit an act of the legislature of this State had been passed, purporting to authorize a change of county lines between the counties of Worth and Crisp, so as to annex to Crisp county that part of Worth county in which Warwick is situated. In pursuance of the terms of said act an election had been held, and the result was duly declared according to the terms of said act, annexing that particular territory to Crisp county. At the time of the filing of the suit and the service of process, jurors from this territory had been rejected in the courts of Worth county, and the coroner of Worth county had refused to hold inquests there. Civil and criminal jurisdiction was being exercised over said territory by the courts and officials of Crisp county. Jurors were placed in the jury-box of Crisp county from said territory and at times served as such in the courts of said county. Suits were filed in Crisp county against residents of that territory, and deeds were recorded by the clerk of the superior court of Crisp county to lands in that territory. On the 31st day of August, 1912, Worth county filed in the superior court of Crisp county its petition against Crisp county, asking that Crisp county be enjoined from exercising jurisdiction and dominion over the territory in which Warwick was situated; and upon the final hearing of said case in the Supreme Court the act purporting to annex said territory to Crisp county was declared unconstitutional, null and void, which decision was rendered prior to the date of the judgment upon which the execution in this case issued, but after filing, service, and the appearance term of said court. Prior to the filing of said suit officials of both counties had acquiesced in said legislative act.

Upon this statement of facts the judge of the superior court rendered judgment dismissing the illegality and authorizing the levy of the execution to proceed. The defendant excepted.

*E. F. Strozier,* for plaintiff in error.

*J. W. Dennard* and *Peacock & Gardner,* contra.

BECK, J. (After stating the facts.) The court properly held

that the illegality should be dismissed and that the fi. fa. should proceed. Under the agreed statement of facts set forth above, the defendant was duly served. Although the officer serving the suit and process upon the defendant in fi. fa. was, at the time of making such service, a non-resident of Crisp county, and for that reason ineligible to the office which he was filling (because the act which annexed the territory in which he was living to the county of Crisp was unconstitutional, null and void), still he was a de facto officer, and, having in good faith made the service, this service was not void. An official act of the character under consideration by a de facto officer can not be treated as of no effect. See *Godbee* v. *State*, 141 *Ga*. 515 (81 S. E. 876), and cases there cited. If the defendant did not appear and plead and had not waived the question of jurisdiction, as it contends, it should have made this appear from the record or other competent evidence. It is true that under the agreed statement of facts it is shown that the defendant did not appear nor plead; but that was not sufficient to resist the enforcement of the fi. fa. It should have shown by competent evidence that it had not waived the want of jurisdiction. In the case of *Ansley* v. *O'Byrne*, 120 *Ga*. 618, 620 (48 S. E. 228), it was said: "A defendant who has had his day in court can not go behind the judgment for the purpose of showing that it ought never to have been rendered, nor will a claimant be allowed any such right. *Horne* v. *Powell*, 88 *Ga*. 639 [15 'S. E. 688]; *New England Mortgage Co.* v. *Watson*, 99 *Ga*. 735 [27 S. E. 160]; *Osborne* v. *Rice*, 107 *Ga*. 282 [33 S. E. 54]. If, then, this be the test, it is manifest that the court below properly refused the motion to dismiss the levy on the present execution. Prima facie it was good against the defendant. It issued from a court of general jurisdiction, with all the presumptions in favor of the validity and regularity of the judgment on which the fi. fa. was based. If the defendant had filed an affidavit of illegality, it would not have been sufficient to prove, as here, that she had 'never plead.' It would have been necessary to show that there was no waiver of the alleged want of jurisdiction. *LeMaster* v. *Orr*, 101 *Ga*. 764 [29 S. E. 32]. This presumption in favor of a writ issuing from a court of general jurisdiction can in no event be overcome by the testimony of a third person that the defendant did not plead; that he was her agent and would have known it if she had done so,

Even if this negative testimony be sufficient to establish her failure to plead, it does not establish that there was no waiver, and, according to the Civil Code [1895], § 5079 [1910, § 5663], while one can not give jurisdiction, it may be waived so far as the parties themselves are concerned."

It follows from what we have said above that the court did not err in dismissing the affidavit of illegality.

*Judgment affirmed. All the Justices concur.*