27657. City of Albany, for use, etc., *v.* Parks *et al.*

Broyles, C. J. 1. "Unless a judgment is void, an affidavit of illegality is not the proper mode of setting it aside. If the defects alleged to exist in a judgment or decree amount only to irregularities, they should be corrected by a motion for that purpose made in the court which rendered it." *Brantley* v. *Greer*, 71 *Ga.* 11.

2. "The truth of a return of service entered upon a declaration by a sheriff, stating that he had served the defendant with a copy of the declaration and process by leaving the same at his most notorious place of abode, can not be called in question without traversing the return and making the officer a party to the traverse. Such traverse may and must be filed by the defendant at the first term after notice of such entry is had by him. In the absence of such traverse the entry of service is conclusive. . . A judgment rendered by a court without jurisdiction is void and can be treated by the defendant as a mere nullity; but he can not, when he has been served, go behind such judgment by an affidavit of illegality." *Sanford* v. *Bates*, 99 *Ga.* 145 (25 S. E. 35).

3. "Where a defendant has been served with process issuing from a court of competent jurisdiction, and has had or could have had his day in court, he is concluded by the judgment. He can not by affidavit of illegality attack such judgment and set up defenses which existed and

could have been pleaded before it was rendered." *Harbig* v. *Freund,* 69 *Ga.* 180; *Wilkes* v. *Branch,* 18 *Ga. App.* 780 (2) (90 S. E. 722); *Cunnard* v. *Childs,* 10 *Ga. App.* 175 (73 S. E. 20).

4. "As the affidavit of illegality disclosed on its face that it was a mere attempt to go back of the judgment to set up defenses, there was no error in dismissing it, irrespective of all other questions made in the record." *Taylor* v. *Futch,* 9 *Ga. App.* 292 (70 S. E. 1119).

5. "Remedy by illegality does not lie for any error lying back of the judgment. To reach and rectify a wrong of this sort, a motion must be made to set aside the judgment, or recourse may be had to equity." *Swinney* v. *Watkins,* 22 *Ga.* 570.

6. The bill of exceptions in the instant case recites (and the recital is not contradicted by anything in the record) that when the affidavit of illegality came on for a hearing, "without any evidence being introduced or any agreed statements of facts being submitted," and "a trial of said case before a jury was expressly not waived," the judge sustained the affidavit on an oral motion by counsel for the affiant. Applying the rulings set forth in the preceding headnotes to the grounds of the affidavit of illegality, the judgment of the court was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 13, 1939.

*Hugh Shackelford, Walter H. Burt,* for plaintiff.
*E. L. Smith,* for defendants.