Mamie L. Fulton, Conservatrix of Estate of Woodrow Fulton, Insane, Appellant, v. B. Jay Knight et al., Members of the Industrial Commission of Illinois, and E. J. Brach & Sons, Inc., Appellees.

Gen. No. 45,517.

Opinion filed February 4, 1952. Released for publication March 25, 1952.

PRESCOTT, BURROUGHS & TAYLOR, of Chicago, for appellant; A. M. BURROUGHS, and LUCAS T. CLARKSTON, both of Chicago, of counsel.

IVAN A. ELLIOTT, Attorney General of State of Illinois, of Chicago, for certain appellee; WILLIAM C. WINES, JAMES C. MURRAY, RAYMOND S. SARNOW, and A. G. SCHEELE, Assistant Attorneys General, of Chicago, of counsel; and VOGEL & BUNGE, of Chicago, for certain other appellee; L. H. VOGEL, B. S. QUIGLEY, FORREST S. BLUNK, and DON A. BANTA, all of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order dismissing for want of equity, on defendants' motions, her complaint as conservatrix of the estate of Woodrow Fulton, insane, by which she seeks primarily to set aside and vacate a lump sum settlement of her ward's claim for compensation for injuries sustained as an employee of E. J. Brach & Sons, Incorporated, hereinafter called employer.

Fulton, the employee, sustained injuries on June 15, 1945 as a result of which the thumb, index finger, ring finger and little finger of the left hand were amputated; he returned to work September 10, 1945; while at work, on January 8, 1946, he became insane, was taken by a fellow employee to a doctor and, on the doctor's orders, to the Psychopathic Hospital; he was adjudged insane January 15, 1946 by the county court of Cook county and committed to the State Hospital for the Insane at Manteno, Illinois where he remained until March 10, 1946, when he was permitted to return to his home in Chicago; he was again taken to Manteno State Hospital August 8, 1946, where he remained until paroled June 18, 1947 as physically but not mentally improved. No order of his restoration to reason has been entered.

April 22, 1946 the employer, having brought Fulton before the Industrial Commission, presented a settle-

ment contract and petition for lump sum settlement prepared by it and signed by Fulton. The commission was not informed that Fulton was an insane person. No guardian *ad litem* or conservator was appointed for him. The commission approved a lump sum settlement for $3,381.32, the amount stated in the petition and settlement contract. This sum was paid to Fulton. He signed a receipt for that amount and $233.66 previously paid.

On June 4, 1947 plaintiff was appointed conservatrix of his estate. On the same day she filed an application for adjustment of her ward's claim for compensation, claiming, in addition to the injuries above mentioned, that the ward was suffering from schizophrenia caused by the accident. In this application she admits compensation payments of $233.66 for 12 and 3/7th weeks temporary total disability. No mention is made of the lump sum settlement. Two days later plaintiff filed a petition to vacate the lump sum settlement, which was denied by the commission July 15, 1947 for want of jurisdiction. (See *Michelson v. Industrial Commission,* 375 Ill. 462.) She acquiesced in this ruling and thereafter introduced evidence in support of her application for adjustment of claim. On October 5, 1948 the arbitrator rendered a decision denying the claim for further compensation. Plaintiff filed a petition for review of this decision. On July 27, 1949, while the petition was pending, the present suit was instituted. The employer and the members of the Industrial Commission of Illinois are defendants. Plaintiff alleges the foregoing facts, except the filing of the petition to review the decision of the arbitrator. She charges that the settlement contract and the lump sum petition "were and are void and of no legal force and effect under the provisions of Section 278, Chapter III of the Revised Statutes of Illinois [1949; Jones Ill. Stats. Ann. 110.375]," and asks that said settlement contract and

lump sum petition and final receipt for $3,614.98 be declared to be null and void and of no legal force and effect and that same be expunged from the record of the Industrial Commission; that the commission be declared "not to have had power or authority to approve said settlement contract and lump sum petition by reasons of the provisions of Section 278 (sic) of the Probate Act, Chapter III of the Revised Statutes, and Paragraph H of Section 8, and Section 9, of the Workmen's Compensation Act" (Ill. Rev. Stat. [1951] chap. 48, pars. 138.8 and 138.9 [Jones Ill. Stats. Ann. 143.71, 143.72]), and that the members of the Industrial Commission be restrained and enjoined "from denying plaintiff the right to recover and collect any and all money due Woodrow Fulton for workmen's compensation, temporary, total and permanent, past, present and future, from E. J. Brach and Sons, Incorporated," and for such other and further relief in the premises as to equity appertains. The employer and the members of the Industrial Commission filed separate motions to dismiss the complaint.

The Industrial Commission filed its decision on plaintiff's petition to review, finding that as a result of the accident Fulton was temporarily totally incapacitated for work for 22 and 2/7th weeks; that he sustained "the permanent and complete loss of 100 per cent of the left hand" and that the employer has paid to him compensation in the sum of $3,614.98, representing $18.80 per week for 170 weeks for 100 per cent loss of the use of the left hand, and for a period of 22 and 2/7th weeks for temporary total incapacity for work; that it has furnished him a suitable prosthetic glove and has paid $100 into the special fund provided for in subparagraph 20 of paragraph (e) of section 8 of said Workmen's Compensation Act, as amended; that he suffered no disability

from the accident other than the disability to the left hand for which compensation has been paid, and that there is no causal connection between his alleged mental ill-being and the accident of June 15, 1945. It was ordered by the commission that "the petitioner is not entitled to receive any further compensation." This decision was affirmed by the superior court of Cook county June 9, 1950. November 9, 1950, the appeal of plaintiff to the Supreme Court from the order of affirmance was dismissed by the superior court. The decision of the Industrial Commission on plaintiff's petition to review, the affirmance of the decision and the dismissal of the appeal therefrom were set up in supplemental motions of the employer to dismiss plaintiff's action. January 3, 1951 plaintiff's suit was dismissed on motions of the defendants. Plaintiff appealed.

Defendants' position is that the questions presented by the complaint have been determined in subsequent hearings before the Industrial Commission and the superior court of Cook county, and that the order of the court affirming the decision of the Industrial Commission on plaintiff's petition to review is a final adjudication, conclusive on plaintiff and her ward. *Weymer v. Industrial Com.*, 404 Ill. 271. Plaintiff concedes the binding effect of the order of the superior court as to all matters which were or might have been determined on her application for adjustment of compensation. She contends, however, that under the authority of *Michelson v. Industrial Com., supra,* the commission did not have the power when her complaint was filed to vacate or modify the lump sum settlement award and that her only remedy is by complaint in equity to set aside that settlement; that the settlement contract and petition for lump sum settlement and the receipt for the moneys received are null and void; that

127

the Industrial Commission had no power or authority to make a lump sum settlement award, and therefore plaintiff is entitled to recover the compensation found to be due her ward notwithstanding the prior payment of the sum to the ward.

██ The complaint herein is unlike the complaint in *Lambert v. Remington Rand, Inc.*, 334 Ill. App. 176, where defendant was required to answer, in that it does not allege facts showing fraudulent misrepresentations or inducements to procure the execution of the settlement contract and the filing of the petition for the lump sum settlement, or, the failure of the Industrial Commission to hear evidence before approving the settlement. Section 9 of the Workmen's Compensation Act provides that the commission may order the payment of compensation in a lump sum, if upon a proper showing before the commission it appears to the best interest of the parties that such compensation be so paid. In construing this section the Supreme Court has uniformly held that lump sum awards are the exception and not the rule; that before such an award may be ordered there must be competent evidence before the commission that the lump sum payment is for the best interest of the injured employee, that the money to be paid will be properly safeguarded and that it will increase the disabled workman's means of support. *Lincoln Water & Light Co. v. Industrial Commission*, 332 Ill. 64; *Sunlight Coal Co. v. Industrial Commission*, 350 Ill. 125, and *Skaggs v. Industrial Commission*, 371 Ill. 535. In the absence of a contrary allegation, we must assume that the commission in the instant case heard such competent evidence before awarding the settlement.

██ Plaintiff's right to relief is based solely on section 126 of the Probate Act (Ill. Rev. Stat. [1949], chap. 3, par. 278), which provides that any note, bill,

bond or other contract by any person who is adjudged insane is void as against that person and his estate, and paragraph (h) of section 8, and section 9 of the Workmen's Compensation Act, each of which provide in substantially similar terms that a guardian or conservator *may* be appointed for the disabled employee who is mentally incompetent or otherwise under disability. Under the statute the settlement contract is void as against Fulton but binding upon the employer. It was not the settlement contract but the order of the commission approving the settlement that made the lump sum settlement effective (*International Coal & Mining Co. v. Industrial Commission*, 293 Ill. 524), and presumably the order of the commission was based upon a proper showing that such settlement was for the best interests of the injured employee.

 The validity of the lump sum settlement is dependent upon the right of Fulton to institute proceedings for such settlement in his own name, and the effect, if any, of the failure to appoint a guardian *ad litem* for him. No conservator had been appointed for Fulton. The liability of the employer under the Compensation Act is in the nature of an implied contract to compensate for injuries (*Keller v. Industrial Commission*, 350 Ill. 390) which the statute reads into every contract of employment between employers and employees within the act. (*Sneeden v. Industrial Commission*, 366 Ill. 552.) Whenever any question of practice or procedure in compensation cases has arisen, the Supreme Court has held that the established rules of legal procedure in courts of law, so far as the same are applicable, are to be followed. *Brewerton Coal Co. v. Industrial Commission*, 324 Ill. 89. The modern rule, recognized in Illinois, is that an insane person has a legal capacity to sue or be sued, the same as a sane person, provided he has not been divested of the power

by the appointment and qualification of a conservator or guardian. 28 Am. Jur., Insane and Other Incompetent Persons, sec. 103; *Chicago & Pacific R. Co. v. Munger,* 78 Ill. 300; *Speck v. Pullman Palace Car Co.,* 121 Ill. 33; *Maloney v. Dewey,* 127 Ill. 395. In *Speck v. Pullman Palace Car Co., supra,* where one of the plaintiffs was insane, the court said (50–51):

"We are not required to assume, from the evidence, that this lunacy existed when the suit was commenced; but if it did, no conservator having been appointed under our statute, the suit might be prosecuted in the name of the lunatic. (*Chicago and Pacific Railroad Co. v. Munger,* 78 Ill. 301.) But the partition suit here, is, under our statute, an action at law. (*Hopkins et al. v. Medley,* 97 Ill. 402.) And it is well settled that a judgment at law is neither void nor voidable merely because the plaintiff is a lunatic."

■ ■ The appointment of a guardian *ad litem* or a conservator for an injured employee who is insane, under paragraph (h), section 8, and section 9 of the Workmen's Compensation Act, is procedural and not jurisdictional. *Maloney v. Dewey, supra; Beckley Nat. Bk. v. Boone,* 115 F. (2d) 513, 518, and cases cited. In speaking of a judgment against a lunatic the court said in *Maloney v. Dewey, supra* (404–405):

"It is said that judgments against lunatics are neither void nor voidable (Freeman on Judgments, sec. 123), and that the proper remedy for a lunatic is to apply to chancery to restrain the proceedings, and to compel the plaintiff to go there for justice. (Ibid.) So, also, the same author, in a note to *Allison v. Taylor et al.* 32 Am. Dec. 70, in speaking of a judgment against a lunatic, says: 'Unless set aside in chancery, or by some other appropriate remedy, a judgment against a lunatic is of unquestionable validity. *Lamprey v. Nudd,* 9 Fost. 299; *Wood v. Bayard,* 63 Pa. St. 320; *Foster v. Jones,* 23 Ga. 168; *Sacramento Savings Bank v. Spencer,* 53

Cal. 737: *Stigers v. Brent*, 50 Md. 214; *Johnson v. Pomeroy*, 31 Ohio St. 247. If an attempt were made to vacate or enjoin such judgment in chancery, doubtless, the mere insanity of the judgment defendant would not be a sure guaranty of success. It would require the aid of other facts, from which the conclusion must follow that the judgment is inequitable and can not be executed without injustice."

See also 28 Am. Jur., Insane and other Incompetent Persons, sec. 118. The same rule would necessarily be applicable where the plaintiff, an insane person, through his conservator, seeks to set aside a judgment or order entered on his application. It must appear that a different result would probably result if a re-hearing was had. In this case a full and complete hearing as to Fulton's right to compensation was had on application of his conservator. Evidence was introduced in support of his claim. The Industrial Commission has found that the injured employee is not entitled to further compensation and that there is no causal connection between his mental ill-being and the accident. This decision has been affirmed by the superior court. It is conclusive as to the facts found and binding on plaintiff, and Fulton the ward. *Weymer v. Industrial Commission, supra.* The award has been executed and the full amount paid to Fulton. Plaintiff cannot recover a greater sum, and a court of equity will not compel a second payment of the award. The court did not err in dismissing plaintiff's suit.

The order is affirmed.

*Order affirmed.*

BURKE, P. J. and FRIEND, J., concur.