47297.   PAYNE v. SHELNUTT et al.

DEEN, Judge. The defendant appellant seeks to have a default judgment set aside on the ground that she was not served with process in the main case and that the return of service signed by a deputy marshal of the Civil Court of Fulton County is untrue. The motion was filed at a term subsequent to that in which the default judgment was entered, rule nisi was prayed for and issued, with service upon the marshal and deputy marshal, who filed a response denying the attacks made on the purported service. After hearing the trial judge denied the motion on the ground that there is now no provision for traverse of entry of service by a sheriff or other officer since *Code* § 81-214 was repealed by § 81A-201 (1) of the Civil Practice Act.

It is true that the Civil Practice Act expressly repealed the right of traverse which was used by the appellant in this case, but it is contended that since the court has a right to control its own officers and processes it may, on a motion to set aside a judgment, inquire into and correct a false return. In *Longshore v. Collier,* 37 Ga. App. 450 (2) (140 SE 636), quoting from *Union Compress Co. v. Leffler,* 122 Ga. 640 (50 SE 483) it was held: "In a proper proceeding by petition with rule nisi or process, and service upon the necessary parties, the courts of this State may exercise the jurisdiction which obtained at common law to set aside judgments for irregularities not appearing on the face of the record." These cases and others of like tenor were decided at a time when our former *Code*

§ 110-702 was in effect and which stipulated that motions to set aside might be granted "for any defect not amendable which appears on the face of the record or pleadings." Examination of the many annotations thereunder reveal some confusion on the part of the courts, it being generally held that this section excluded motions, especially motions relating to judgments on verdicts, where the defect alleged was not apparent from the face of the record, but some cases excepted from this rule situations where there had not been a jury verdict and where the court had issued a rule nisi to all necessary parties and then taken testimony to establish the facts at issue. Prior to the Civil Practice Act such a rule would have been applicable in a case such as this one.

However, *Code Ann.* § 81A-160 (d) now specifically states: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." The use of the word "does," in connection with the repeal of sections such as *Code* § 81-214, gives special emphasis to the legislative intent of *Code Ann.* § 81A-160 to make a comprehensive determination of procedures for the attacks on judgments. Omitting judgments void on their face, and clerical errors, a direct attack must be made on the judgment in one of three ways. A motion for new trial must comprise an error which *does not* appear on the face of the record. A motion to set aside must attack an error which *does appear* on the face of the record. Fraud, accident, or mistake may be raised only by an equitable petition in the appropriate superior court, and are subject to a three-year statute of limitation. *Code Ann.* § 81A-160 (e, f).

This question was discussed but not decided in *Northern Freight Lines v. Fireman's Fund Ins. Cos.,* 121 Ga. App. 786 (175 SE2d 104). See also *Martin v. Prior Tire Co.,* 122 Ga. App. 637 (178 SE2d 306).

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED MAY 25, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JULY 6, 1972.

*Grace W. Thomas,* for appellant.
*John K. Dunlap,* for appellee.