48827. AETNA CASUALTY & SURETY COMPANY v. WILLIAMS.

BELL, Chief Judge.

In November 1963 the appellee-claimant received a compensable injury under the Workmen's Compensation Act. A form 16 agreement was entered into by the parties and approved by the board. In December 1963, a supplemental agreement was entered into which reflected only that the appellee-claimant returned to work on December 10, 1963, and liability ceased on that date. It was approved by the board. In March 1968, the appellee obtained a judgment against the appellant-insurer based on the original agreement to pay compensation under Code § 114-711 and execution was ordered. In July 1969, the appellant filed a motion to "Revoke or Modify" the judgment. The motion was denied and no appeal was taken. In February 1973, appellee proceeded to levy upon appellant's personal property. Appellant filed an affidavit of illegality with forthcoming bond and a second motion to "Revoke or Modify." The second motion to revoke was denied and no appeal was taken. Subsequently, upon motion of appellee, the affidavit of illegality was dismissed. *Held:*

At the time appellee-claimant obtained his judgment in 1968 to enforce the original 1963 award of compensation, decisions of this court held that a supplemental agreement which contained no stipulated facts showing a change of claimant's condition was ineffectual to end payment of compensation under the original award; and that statements in the new agreement that the claimant had returned to work on a certain date and providing the liability for disability ceased on that date were not sufficient to show a change of condition. *Simpson v. Travelers Ins. Co.,* 117 Ga. App.

43 (159 SE2d 294). This case law was overruled in *Atlanta Coca Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723). It was held in *Gates* that a supplemental agreement filed and approved by the board which merely recited that employee returned to work on a given date and that liability to pay compensation ceased on that date was binding and must be given full effect. The judgment here sought to be enforced was lawful at the time of its entry. However, an affidavit of illegality cannot be used as a vehicle to attack a prior lawful judgment where a defendant has had his day in court. Code § 39-1009. Appellant has had his day in court. To hold otherwise would open the door to never ending litigation.

The trial court correctly dismissed the affidavit of illegality.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 7, 1974 — DECIDED MARCH 6, 1974 — REHEARING DENIED MARCH 25, 1974.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Hicks, Arthur Jay Schwartz,* for appellee.