## 54395. MASON v. FISHER.

DEEN, Presiding Judge.

This is an appeal from the dismissal of an affidavit of illegality and motion to dismiss the levy of execution, following a default judgment in favor of the appellee in which the question of unliquidated damages for a personal tort was submitted to a jury. *Held:*

1. The record shows personal service of the complaint on the appellant and is signed by a deputy sheriff. Grounds 1 and 3 of the affidavit of illegality complain that the defendant Mason was not served with a copy of the suit and summons, and that during the pendency of the suit she did not have mental capacity to comprehend the nature and consequences of the suit and was not able to defend it. From the record in this case and the briefs of counsel it appears that these grounds are related: the question is not whether the suit papers were delivered to the defendant's residence but whether she was knowingly served as the return indicates.

Where there is a return of service regular on its face there is a strong presumption of service which can only be disproved by clear and credible evidence that the return was false. Otherwise, where service has been made, the defendant "has or could have had" his day in court, and is concluded thereby. *City of Albany v. Parks,* 61 Ga. App. 55 (5 SE2d 680). See also *Warwick Gin &c. Co. v. Continental Gin Co.,* 143 Ga. 508 (2) (85 SE 700). In the same manner, persons are presumed to know the nature and consequences of their acts. The contract of one who is of unsound mind but has not been adjudicated insane is not void, although it may be voidable. *Fields v. Union Central Life Ins. Co.,* 170 Ga. 239 (152 SE 237). In the same manner, one not adjudicated insane has the capacity to sue and be sued. The judgment may be voidable but it is not void, and the remedy lies in a petition in equity. *Collins v. Collins,* 217 Ga. 143 (121 SE2d 18); Fulton v. Knight, 346 Ill. App. 122 (104 NE2d 554). "If the defendant shall not have been served and does not appear, he may take advantage of the defect by affidavit of illegality; but if he shall have had his day in court, he may not go behind the judgment by an affidavit of illegality."

Code § 39-1009. Under these circumstances an affidavit of illegality cannot be used as a vehicle to attack a prior lawful judgment. *Aetna Cas. &c. Co. v. Williams,* 131 Ga. App. 376 (206 SE2d 91). Unless the judgment is absolutely void, an affidavit of illegality is never the proper method to attack it. *Dollar v. Fred W. Amend Co.,* 184 Ga. 432, 437 (191 SE 696); *Ayers v. Baker,* 216 Ga. 132, 137 (114 SE2d 847).

2. "A promissory note secured by a security deed is not a chose in action in the sense that it is not subject to seizure and sale under execution." *Kilgore v. Buice,* 229 Ga. 445, 447 (192 SE2d 256). Defendant Mason was the owner of certain real estate which she sold to Jesse and June Hudson, receiving as part consideration a promissory note secured by a security deed to the premises, which vested legal title in her defeasible upon payment in full of the note, and also subject to a prior outstanding security deed. To the extent of this interest, she had a legal estate (not in a mere equity of redemption) in the real property which might be made the subject of levy and sale. *Kilgore,* supra. Nor does it matter here whether the first security deed had been canceled or not. "The ground of the affidavit of illegality that there was an outstanding pre-existing security deed in favor of a third person to the property levied on is without merit, since the defendant in fi. fa. could not be heard to raise such a question." *Lewis v. Moultrie Bkg. Co.,* 36 Ga. App. 347 (1) (136 SE 554). In the proceeding by the judgment creditor to reach only that legal estate in the property which belonged to the defendant in fi. fa. prior to the payment in full by the purchasers or their assignees of the secured purchase money indebtedness, Code § 39-201 has no application, as the levy in no way affects the rights of a prior lienholder, if one exists.

3. The proffered amendment did no more than attempt to amplify the original grounds by alleging that defendant "was not aware" that the alleged service had been made on her as shown by the return of service, with a prayer that the sheriff and his deputy be made parties to the affidavit of illegality. Since it does not strengthen the affidavit as originally filed, no reversible error results from the disallowance of this pleading.

4. In reaching the above conclusions we have applied the law as we understand it to be since the advent of the Civil Practice Act. It was held in *Payne v. Shelnutt,* 126 Ga. App. 598 (191 SE2d 487) (approved in *Burrell v. Wood,* 237 Ga. 162, 164 (227 SE2d 60)) that among other things the Civil Practice Act had done away with certain procedures inadequately attempted to be followed here, such as traversing the return of a process server in a subsequent motion. We there pointed out that the procedure for reaching defects in a judgment (as opposed to a levy of execution) are controlled by Code § 81A-160(d), and must be made by either a motion for new trial, a motion to set aside for a nonamendable defect appearing on the face of the record, or a petition in equity. The equity petition route was successfully used in *Fain v. Hutto,* 236 Ga. 915 (225 SE2d 893), to set aside a default judgment where the defendant had not been legally served, did not waive service, and had no knowledge of the proceedings. The affidavit of illegality route was unsuccessfully attempted in *Whitehurst v. Universal C.I.T. Credit Corp.,* 131 Ga. App. 202 (205 SE2d 489). In that case the court's order stated that he had considered evidence, thus converting the motion to dismiss the affidavit of illegality into a motion for summary judgment, but the appellant specified that no transcript of evidence was to be filed. This court, holding that the Civil Practice Act became applicable once issue was joined on the affidavit of illegality, treated the motion as one for summary judgment after consideration of evidence and, being without a transcript, of necessity affirmed the case. Here the order of the trial court "dismissing" the affidavit of illegality affirmatively shows that it is based in part upon a deposition given by the appellant at the instance of the plaintiff in fi. fa. The facts stated by the trial judge as being in the deposition would demand a summary judgment in favor of the appellee. As we have shown, if these facts are not considered the result reached would be the same, insofar as the dismissal of the affidavit of illegality is concerned. We must therefore affirm the judgment of the trial court, although we do so without prejudice to any right the appellant may have to proceed by means of a complaint in equity under the provisions of

Code § 81A-160 (e). Needless to say, this does not constitute an adjudication that such right exists.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

Submitted September 7, 1977 — Decided October 18, 1977.

*Albert D. Mullis,* for appellant.

*O'Neal, Stone & Brown, Randall C. Sorenson,* for appellee.