68813. RYLE v. GOLD KIST, INC.

(323 SE2d 269)

POPE, Judge.

Appellee Gold Kist, Inc. d/b/a Farmers Mutual Exchange of Hazlehurst obtained a default judgment in the amount of $13,657.41 against appellant W. L. Ryle on a promissory note. This is an appeal from the dismissal of appellant's affidavit of illegality and motion to dismiss the levy of execution on appellant's property in satisfaction of the judgment.

1. In his affidavit of illegality, as amended, appellant denies that he was served in any manner and states that he did not waive or acknowledge service, did not appear and had no notice of the original proceedings. In response to the affidavit of illegality, appellee filed its motion to dismiss based upon the record which shows personal service of the complaint on appellant with the return signed by the deputy sheriff and which is regular upon its face. After a motion hearing at which only argument of counsel was heard, the court rendered its order. Nothing else was presented below, although appellee offered to call the deputy sheriff who served the summons.

It is clear that an affidavit of illegality may not be used to attack a judgment. *Mason v. Fisher*, 143 Ga. App. 573 (4) (239 SE2d 226) (1977). Thus, appellant cannot use this means to attempt to reach any alleged defects in the default judgment. This can be done only by the means set out in OCGA § 9-11-60 (b). Therefore, there is no merit to appellant's second enumeration of error.

2. Nor do we find merit in appellant's other enumeration of error in which he argues that the court erred in rendering an order dismissing his affidavit of illegality without having an evidentiary hearing. We note that the court did have a hearing; the record does not show an offer of evidence by appellant. Rather, appellant argued below that appellee should be required to traverse the affidavit, and try the facts before a jury. While such a procedure may have been proper before the advent of the Civil Practice Act, it is not the proper procedure now. See *Mason v. Fisher*, supra; *Payne v. Shelnutt*, 126 Ga. App. 598 (191 SE2d 487) (1972). "Where there is a return of service regular on its face there is a strong presumption of service which can only be disproved by clear and credible evidence that the return was false. Otherwise, where service has been made, the defendant 'has or could have had' his day in court, and is concluded thereby. [Cits.]"

*Mason v. Fisher*, supra at 573. Therefore, we find that the court below did not err in its decision dismissing the affidavit of illegality or in its procedure in arriving at the decision.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 16, 1984.

*J. Laddie Boatright*, for appellant.
*Ken W. Smith*, for appellee.