The Nashville, Chattanooga and Saint Louis Railway Company *et al. v.* Edwards.

1. The act of November 12th, 1889, providing for the lease of the Western & Atlantic Railroad, declares that " the persons, associations or corporations accepted as lessees under this act, if not already a corporation created under the laws of Georgia, shall, from the time of such acceptance, and until after the final adjustment of all matters springing out of this lease contract, become a body politic and corporate under the laws of this State, under the name and style of the Western and Atlantic Railroad Company, which body corporate shall be operated only from the time of their taking possession of said road as lessees ; and it shall have the

power to sue and be sued on all contracts made by said company, in any county through which the road runs, after the execution of said lease, or for any cause of action which may accrue to said company and to which it may become liable." When, therefore, the Nashville, Chattanooga & St. Louis Railway Company became the lessee under this act, a new corporation under the laws of Georgia was created under the name and style of the Western & Atlantic Railroad Company; and for any tort committed in the operation of its railroad, that corporation, and not the Nashville, Chattanooga & St. Louis Railway Company, is liable. In such case section 3407 of the code does not apply, and an action against the Nashville, Chattanooga & St. Louis Railway for the tort is not maintainable, though the declaration alleges that "the defendant operates as lessee the Western & Atlantic Railroad," the act requiring that the Western & Atlantic Railroad Company shall be sued.

2. Where an action for a tort was brought against the Nashville, Chattanooga & St. Louis Railway Company, and the proof showed that the injury complained of was by the Western & Atlantic Railroad Company, the court, on motion, should have granted a nonsuit.

3. Where one railroad corporation is sued for a tort, the declaration cannot be amended by substituting another as defendant, under the guise of correcting a misnomer.

4. Where the action was against the Nashville, Chattanooga & St. Louis Railway Company, and the declaration alleged that "the defendant operates as lessee the Western & Atlantic Railroad," an amendment stating that "the lessee of the Western & Atlantic Railroad sued in this case and operating said road at the time of the injuries to the plaintiff, was known and styled as the Western & Atlantic Railroad Company, by virtue of a public act of this State," did not make the latter company a party to the action.

October 12, 1892.                    *Judgment reversed.*

Before Judge VAN EPPS.    City court of Atlanta. December term, 1891.

Edwards sued the Nashville, Chattanooga & St. Louis Railway Company for damages from personal injuries, alleging, among other things, that defendant operated as lessee the Western & Atlantic Railroad, and plaintiff was in its employment at the time in question as engineer on a freight-train. At the close of the evidence for plaintiff, defendant's counsel moved for a nonsuit upon the ground that plaintiff had sued the wrong cor-

poration; that the suit should have been brought against the Western & Atlantic Railroad Company, the name which the law of Georgia authorizing the lease provided it should be called by; that the Western & Atlantic Railroad Company is an existing corporation and the suit should have been brought against it. Plaintiff's counsel insisted that the nonsuit should not be granted, because defendant had come in and pleaded, and the proof showed that the road was in the control of the Nashville, Chattanooga & St. Louis Railway Company, etc. The court held that there was a defect in the way the suit had been brought, but that the defect was amendable, and allowed an amendment to be made and overruled the motion. To these rulings the defendant excepted. The court below certifies the following: "The case of Robert E. Edwards against the Nashville, Chattanooga & St. Louis Railway Company was sounded upon the call of the appearance docket at the end of the December term, 1891, being the appearance term of the cause. The case was answered to formally by John T. Glenn, Esq., at the time representing the defendant, and the docket entry of answer was made by the presiding judge. The legal effect of that transaction was, that the defendant served was to be considered thenceforward as having pleaded the plea of the general issue. The point is now made orally for the first time, at the end of the evidence for the plaintiff, the defendant's counsel having appeared and cross-examined all the witnesses that have been offered up to this time and until the close of the plaintiff's case. The fact, as I conceive it to be, stands about this way: The State owned some property, to wit a railroad, and she rented it for a term of years under a written lease to the Nashville, Chattanooga & St. Louis Railway Company, being a foreign corporation. That company by virtue of the act became the landlord. Under that act this landlord had a

residence as such in every county in this State through which the Western and Atlantic Railroad runs. The real landlord has been served in this case. The service is upon the Nashville, Chattanooga & St. Louis Railroad, but the plaintiff's nomenclature is at fault. He has sued and served the right landlord, but he has not called him by his right name. The right landlord has come and pleaded. This defect, therefore, in the mere name of the defendant, which appears on the face of the record, is an amendable defect. I therefore direct the plaintiff, for the sake of literal accuracy on the face of our record here, to amend his declaration, following the terms of the statute; or rather, I suggest that if the plaintiff will amend his declaration so as to make it conform to the terms of the statute and assign to the defendant sued the name and style which, as lessee of the Western and Atlantic Railroad, it has by virtue of the christening of a public statute of this State, the amendment will be allowed, to wit: by adding the expression, " said lessee company known under the name and style of the Western and Atlantic Railroad Company by virtue of a public act of this State."

JULIUS L. BROWN, for plaintiff in error.

ARNOLD & ARNOLD, contra.