## 1256.   ARMOUR CAR LINES *v.* SUMMEROUR *et al.*

1. In a suit in rem all persons who have interest in the res should be allowed to intervene and be heard in behalf of their interests in it. Every such person has a legal interest in the controversy, because of his interest in the res. In a suit in personam, however, a petition to intervene, presented by one who is not a party thereto and who has no interest, in a legal sense, in the subject-matter of the suit, should be refused, especially where the applicant, of his own motion, seeks to be made a party defendant, and the plaintiff in the cause objects thereto.

2. The right of a defendant to vouch into court another who is liable over to him, which is conferred by the Civil Code, § 5234, does not include the right of volunteering to become a defendant, when no notice has been given by the defendant, and when the plaintiff has not asked such a one to be made a party defendant.

3. The Western & Atlantic Railroad Company and the Nashville, Chattanooga & St. Louis Railway are separate and distinct corporations. The contract exhibited, in support of the petition to intervene, showing that it was an agreement to which the Nashville, Chattanooga & St. Louis Railway and A. were the only parties, *held:* Even if a breach of this contract might authorize a recovery by the Nashville, Chattanooga, & St. Louis Railway against A., still proof of the breach of such contract alone, without more, would not suffice as a basis for a recovery over by the Western & Atlantic Railroad Company against A.

Intervention, from city court of Dalton—Judge Longley. May 21, 1908.

Argued July 17, 1908.—Decided February 9, 1909.

*Anderson, Felder, Rountree & Wilson,* for plaintiff in error.

*W. E. Mann, W. C. Martin, C. D. & F. K. McCutchen, R. J. & J. McCamy, J. M. Neel, Tye, Peeples, Bryan & Jordan,* contra.

RUSSELL, J. Upon the trial of an action for damages between W. F. Summerour and the Western & Atlantic Railroad Company, the Armour Car Lines, a corporation of New Jersey, presented a petition asking that it permitted to intervene as a party defendant, upon the ground that it was "vitally interested in said case," and that, under certain circumstances, in the event of a recovery by the plaintiff therein against the Western & Atlantic Railroad Company, it would become liable to pay said railroad company the amount of the recovery, or some part thereof. Upon objection by the plaintiff, the judge, in a written order, denied this application and refused to make the petitioner a party defendant in the cause. The petitioner excepted to the refusal to permit it to intervene, to the subsequent refusal of the court to stay further proceedings in the case until the judgment refusing the intervention could be reviewed, and also to the judgment rendered against the defendant, the Western & Atlantic Railroad Company.

We are not clear that the writ of error ought to be considered at all, but, as no motion was made to dismiss it, we shall resolve our doubts upon the question of jurisdiction, by exercising the utmost liberality in favor of the right of review. We are unable to find any case in which the point has been distinctly decided, and, in fact, the intimation in *Turnbull* v. *Foster,* 116 *Ga.* 771 (43 S. E. 42), is rather against the right of the present plaintiff in error to review the judgment refusing to make it a party. In the *Turnbull* case, supra, what purported to be a cross-bill of exceptions was dismissed, upon the ground that "a cross-bill can only be filed by the successful party on the trial below;" but in delivering the opinion of the court, Candler, J., said that the failure to act on the petition which Mrs. Foster had filed, asking to be permitted to intervene and to have awarded to her a certain portion of the property in controversy, was not matter for a cross-bill of exceptions; and he cited, in support of this proposition, §5527 of the Civil Code, which, in its express terms, refers only to "either party in any civil case and the defendant in any criminal proceeding," as being entitled to procure a writ of error in the first instance. Judge Cand-

ler then proceeds to say: "Mrs. Pauline Foster was never a party to the case; the very thing of which she complains is the failure of the court to make her a party. She was neither successful nor unsuccessful upon the trial now under review." Had the court stopped here, we would perhaps refuse to consider the present writ of error; but the court proceeds to base its holding, that Mrs. Foster's cross-bill must be dismissed, upon the fact that it was not presented in time, Judge Candler saying, "It is not necessary to decide whether, in the absence of any order of court, she had a right to file a bill of exceptions and bring her case directly to this court as an original proposition; because if she had that right it has been lost by reason of her delay."

We are clear that the present plaintiff in error has no right of exception upon the ground that the judge refused to stay the cause then pending between Summerour and the Western & Atlantic Railroad Company, until his judgment upon the intervention could be reviewed, and equally clear that the Armour Car Lines can not except to the judgment rendered against the Western & Atlantic Railroad Company, when no complaint is made by the Western & Atlantic Railroad Company itself; so that the case narrows itself to the consideration of the single question whether the court erred in refusing to permit the Armour Car Lines to intervene, or, in other words, whether the Armour Car Lines had a right to intervene, upon the showing made by this petition, and over the plaintiff's objection. Counsel for the plaintiff in error concede that the determination of the right of the Armour Car Lines to be made a party to the case will probably settle the other questions raised by the bill of exceptions, because the other questions logically and necessarily grow out of the main question, raised by the refusal of the court to allow the intervention. The plaintiff in error cites §5234 of the Civil Code, and the decisions in *Western & Atlantic R. Co.* v. *Atlanta,* 74 *Ga.* 775, *Benson* v. *Shines,* 107 *Ga.* 406 (33 S. E. 439), and *Clarke* v. *Wheatley,* 113 *Ga.* 1074 (39 S. E. 437), as authorities for the statement that "the right to be made a party and to defend where one not originally a party to the record may be liable over for any recovery in the case, or is otherwise vitally interested, has always been recognized both at law and in equity;" and cites the ruling in *Haskins* v. *Bank,* 100 *Ga.* 217, 218 (27 S. E. 985),

to sustain the proposition that all further proceedings in the trial between Summerour and the Western & Atlantic Railroad Company were void, after the court had refused to permit the Armour Car Lines to intervene. We need only say in regard to the *Haskins* case, supra, that the judgment of the court upon the main point involved was disapproved and overruled in *Kibben* v. *Coastwise Dredging Co.*, 120 *Ga.* 901 (48 S. E. 330). The language which might appear to affect the present case was used arguendo, and in support of a proposition since overruled, and is, therefore, not binding.

The right of intervention is one which in many States is expressly provided for by statute, and is controlled by the terms of those enactments. In this State intervention is a proceeding equitable in nature, and generally directed to a specific tangible subject-matter, or res, in custodia legis. No general statutory rule upon the subject having been enacted in this State, it would seem that in ordinary suits at law a plaintiff is allowed to select for himself the party against whom he prefers to proceed,—at his own risk if it develops that the proper defendant or all necessary defendants are not named. The Civil Code, §5234, provides that "where a defendant may have a remedy over against another, and vouches him into court, by giving notice of the pendency of the suit, the judgment rendered thereon will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." This section provides a means by which a defendant who is already a party may, at his option, call upon one who may be responsible to him, to assist him in the defense, or may, by vouching such a one, conclude him as to the amount of his liability to himself, and thus leave but one question in future open between them, to wit, the question as to whether he had a right to vouch him; but it does not provide for the interjection of a mere volunteer into a suit, where the defendant has not notified him to appear, and when the plaintiff objects to his presence. The only provisions in our code for intervention are: as to creditors who may have claims to a fund raised by a creditor's bill, which is in the custody of the court (Civil Code §4845), persons properly seeking to assert equitable remedies against assets in the hands of a receiver. (§4903), holders of liens on property in the hands of a receiver (§4911), and persons interested in funds

in the hands of an officer, subject to distribution upon a money-rule (§4776). It will be observed that the interventions referred to in our code are not only confined to causes of an equitable nature, but they all have application to a *res* which is to be the subject-matter, in the court's direction and judgment. We are not aware of any statute of this State by authority of which a person has the absolute *right* to intervene as a party defendant in an action in personam. The very wide distinction between the absolute *right* of a person to intervene in *a suit in rem* where a court has jurisdiction over the res, and the absence of such right to intervene in *a suit in personam,* is well defined by Judge Blatchford in Coleman *v.* Martin, 6 Blatch. 119. In that case the application for intervention was based upon the ground that, by reason of certain matters set forth in the application, one Stewart might be held both legally and morally responsible, pecuniarily and personally, for certain transactions of which the plaintiff complained in his bill. In refusing the application the court held: "The decree of this court in this suit can in no manner bind or affect the petitioner, in a legal sense; and it was never known that a person, not a party to a suit in personam, could compel a plaintiff to make him a party. The present defendants do not raise the objection that the petitioner should be made a party. [Nor in the present case did the Western & Atlantic Railroad Company ask that the Armour Car Lines be made a party.] This being so, the plaintiff is left free to sue whom he pleases, subject only to the power of the court at any time to compel him to join, as a party defendant, any person whom it is necessary to make a party, in order to make a decree fully effective against those who are already parties. . . In a suit in rem, where a court has jurisdiction over the res, and its decree affects the interest in the res of all persons who have any interest in the res, a person who has a lien or claim upon, or other interest in, the res, is allowed to intervene, and be heard for his own interest in the res. The theory of this is, that the person, by his interest in the res, has an interest, in a legal sense, in the subject-matter of the controversy. But in a suit in personam, a person not a party to the suit can have no interest, in a legal sense, in a personal claim made in the suit, against a defend-

ant therein, unless it is necessary that such person, not a party, should be made a party, *in order to properly enforce such claim.*"

Bearing in mind that the present action was one in which Summerour was suing the Western & Atlantic Railroad Company for $9,000 damages, arising from the breach of an alleged contract, and in which, if there was any liability over upon the Armour Car Lines, the defendant railroad company had not vouched the Armour Car Lines into court, in accordance with §5234 of the Civil Code, it is perfectly clear to us that the judge of the city court ruled correctly in refusing the petition and declining to allow the Armour Car Lines to intervene. It makes no difference, in this view of the case, whether the action be construed as one sounding in tort or on contract, or what was the nature of the liability over, on the part of the Armour Car Lines, to the defendant, the Western & Atlantic Railroad Company. As the Western & Atlantic Railroad Company did not vouch the Armour Car Lines, none of the rights of the Armour Car Lines are affected by the judgment rendered against the Western & Atlantic Railroad Company. But if we should not go this far,—because of the fact that the degree in which the question might be affected by the plaintiff in error's participation in the trial (which is not now before us) can not now be adjudged,—the lower court was certainly right in declining to allow the intervention, because the contract filed by the petitioner for intervention, as an exhibit, shows conclusively that the rights of the Armour Car Lines were not in any sense concerned, and that the Armour Car Lines, in a legal sense, had no interest whatever in the suit then pending between Summerour and the Western & Atlantic Railroad Company. Waiving the fact that (even if the contract exhibited had been made between the Armour Car Lines and the Western & Atlantic Railroad Company) the defendant in the pending suit had not vouched the Armour Car Lines into court (and the further fact that the allegations of the petition rendered it at least doubtful whether the damages were attributable to the Armour Car Lines, and certainly show that the plaintiff, Summerour, had no contract with the Armour Car Lines, and does not disclose that he knew of any connection between himself and the Armour Car Lines in his shipments), it appears that the Western & Atlantic Railroad Company could not have vouched the Armour Car

Lines into court, and that the contract which the Armour Car Lines introduced and relied upon as a reason why they should be permitted to intervene was not made by the Armour Car Lines with the Western & Atlantic Railroad Company, but with an entirely distinct and separate corporation, to wit, the Nashville, Chattanooga & St. Louis Railway. It is true that it may be judicially recognized that the Western & Atlantic Railroad Company is leased by the State of Georgia to the Nashville, Chattanooga & St. Louis Railway, but in the case of *N., C. & St. L. Ry. Co.* v. *Edwards, 91 Ga.* 24 (16 S. E. 347), it was expressly decided that the two corporations are so distinct that an action can not be maintained against the Nashville, Chattanooga & St. Louis Railway Company even "as lessee of the Western & Atlantic Railroad." We are not required to decide how the Armour Car Lines may escape liability if the Western & Atlantic Railroad Company should proceed to recover over against the Armour Car Lines on account of Summerour's recovery against it. Apparently there is no liability over on the Armour Car Lines for the recovery against it. But upon review of the application to intervene, as presented to the judge of the city court, we hold without any hesitation that the petition fails to show either that the Armour Car Lines had any contract with the Western & Atlantic Railroad Company, or that the Armour Car Lines could be affected in the slightest degree by the judgment rendered in favor of Summerour. *Judgment affirmed.*