### 20507.  BENNETT v. WESTERN & ATLANTIC RAILROAD.

STEPHENS, J. 1. The franchise of a chartered railroad corporation under which it has authority to maintain and operate a railroad can not be alienated or delegated so as to absolve the railroad company from its obligations and duties to the public without legislative consent relieving the railroad from such obligations. The mere legislative approval of and consent to a sublease or contract made by a chartered railroad company, by which the railroad company leases the right to the use of its tracks to another railroad company, in the absence of any legislative authority exempting the lessor company from any liability to the public in the exercise of its franchise to operate the railroad and run trains along its tracks, is insufficient to relieve that company from any liability to the public arising from the use of its track by the lessee company pursuant to this agreement. Civil Code (1910), § 2228; *Macon Railroad Co.* v. *Mayes,* 49 *Ga.* 355 (15 Am. R. 678); *Singleton* v. *Southwestern Railroad,* 70 *Ga.* 464 (48 Am. R. 574); *Central Railroad Co.* v. *Phinazee,* 93 *Ga.* 488 (21 S. E. 66); *Banks* v. *Georgia Railroad,* 112 *Ga.* 655 (37 S. E. 992); *Hawkins* v. *Central of Georgia Ry. Co.,* 119 *Ga.* 159 (46 S. E. 82); *Ga. R. &c. Co.* v. *Haas,* 127 *Ga.* 187 (56 S. E. 313, 119 Am. St. R. 327, 9 Ann. Cas. 677); Northern Pacific Ry. Co. *v.* Mentzer, 214 Fed. 10; Murray *v.* Lehigh Valley R. Co., 66 Conn. 512 (34 Atl. 506, 32 L. R. A. 539).

2. Upon the execution of the lease of the property belonging to the State of Georgia, known as the Western & Atlantic Railroad, made by the Western & Atlantic Railroad Commission to the Nashville, Chattanooga & St. Louis Railway pursuant to an act approved November 30, 1915 (Ga. L. Ex. Sess. 1915, p. 119), the lessee railroad, by the terms of section 11 of that act, became "a body politic and corporate under the laws of this State, under the name and style of the Western & Atlantic Railroad," with the right to sue and be sued "as other railroad companies operating railroads in this State," in actions ex contractu and ex delicto. The Western & Atlantic Railroad is therefore, to all intents and purposes, a chartered railroad corporation under the laws of this State. *Nashville, Chattanooga & St. Louis Ry.* v. *Edwards*, 91 *Ga.* 24 (16 S. E. 347). The Western & Atlantic Railroad therefore is not absolved from the liability to the public which arises from the exercise of its franchise to operate a railroad and to run trains along its tracks, by leasing, although with legislative authority and approval, the use of its tracks to another railroad company, where there is no legislative exemption of the Western & Atlantic Railroad from any liability to the public arising from the use of its tracks by the lessee railroad company. The act of 1915, supra, and the amendments thereto (Ga. L., Ex. Sess. 1915, p. 119, sec. 11A, as amended; Ga. L. 1916, pp. 147, 148), creating and authorizing the Western & Atlantic Railroad Commission to lease the State's railroad property, in providing that the Western & Atlantic Railroad, the lessee, "shall not sublet or re-lease the said Western and Atlantic Railroad, or any part thereof, except such as is not needed for railroad purposes, without the approval in writing of the Governor of the State," does not exempt the Western & Atlantic Railroad from any liability to the public arising from the use of its tracks by any lessee railroad company to whom it may lease trackage rights over its tracks. Nor is the Western & Atlantic Railroad exempt from such liability in making under legislative authority a lease with a railroad company for the use of its tracks, where in the lease contract between the State of Georgia and the Nashville, Chattanooga & St. Louis Railway, made pursuant to the act of the legislature referred to, this right to make such a lease of its tracks is limited and restricted by the following provision: "The granting by the party of the second part [that is the lessee, which after the execution of the lease became the Western & Atlantic Railroad] of trackage rights to other carriers over the Western & Atlantic Railroad, or any part thereof, shall not be construed as a subletting of the property such as is forbidden by section 11-A of the act without the written consent of the Governor of the State [Ga. L. Ex. Sess. 1915, p. 119, § 11A, as amended Ga. L. 1916, p. 147, and Ga. L. 1916, p. 148], provided, however, that such use of the tracks and property of the Western & Atlantic Railroad shall always be had and exercised subject and subsidiary to the domination and control of the party of the second part, and further subject to all of the duties, obligations and liabilities of the party of the second part to the State of Georgia, under the Acts of the General Assembly of Georgia and this contract of lease; and it is further understood and agreed that no contract or agreement for any servient use of the tracks or railway facilities of the

Western & Atlantic Railroad, granted by the party of the second part to any other person, shall be construed as introducing a new party to the contract between the party of the second part and the State of Georgia; and every such servient use shall be subject in all respects to this contract of lease, and as between the State and the party of the second part such servient use shall be regarded as being the use by the party of the second part, through its agent or tenant."

3. Where the Louisville & Nashville Railroad Company operates its trains along the tracks of the Western & Atlantic Railroad, pursuant to a lease from the Western & Atlantic Railroad of "trackage rights" to the Louisville & Nashville Railroad Company, the Western & Atlantic Railroad is liable to a member of the public for injuries received as a result of the negligent operation of the servants and employees of the Louisville & Nashville Railroad Company in the operation of a train of this latter company along the tracks of the Western & Atlantic Railroad. Cases in which it was held that the lessor railroad company was not liable to an employee of the lessee railroad company for an injury caused by the negligence of the latter company are distinguishable. *Banks* v. *Ga. R.*, supra.

4. In a suit against the Western & Atlantic Railroad to recover damages for injuries alleged to have been sustained by a person not an employee of the Louisville & Nashville Railroad Company, in the operation of a train of the latter company which at the time was being operated on the tracks of the Western & Atlantic Railroad, the court erred in not sustaining the plaintiff's demurrer to the defendant's special plea in bar which alleged that the defendant was not liable for the alleged injuries, on the ground that the injuries did not result from any act of the defendant, but resulted from the operation of a train of the Louisville & Nashville Railroad Company. The court also, when passing upon the law and the facts, erred in sustaining the defendant's plea and in dismissing the plaintiff's case. The case of *W. & A. Railroad* v. *Peacock*, 16 *Ga. App.* 772 (86 S. E. 389), is clearly distinguishable.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 27, 1931.

*Reuben R. & Lowry Arnold, B. P. Gambrell,* for plaintiff.
*Tye, Thomson & Tye, Morris, Hawkins & Wallace,* for defendant.