## 24264. HILDERBRAND v. NASHVILLE, CHATTANOOGA AND SAINT LOUIS RAILWAY.

DECIDED MARCH 26, 1935.

*E. S. Griffith, Carpenter & Ellis,* for plaintiff.

*Tye, Thomson & Tye,* for defendant.

GUERRY, J. This case has once before been to this court. *N., C. & St. L. Ry.* v. *Hilderbrand,* 48 *Ga. App.* 140 (172 S. E. 87). There this court held that the demurrer filed by the defendant company to the plaintiff's petition was properly overruled. Plaintiff contends in this court that the evidence introduced at the trial proved his case as laid, and that, the court having held that the demurrer was properly overruled, he is entitled to have a jury pass upon the issues involved. Unquestionably, if the evidence supports the allegations of the petition, and does not show some other fact which would as a matter of law preclude a recovery by the plaintiff, his contention is correct.

The act of 1915 (Ga. L. Ex. Sess., 1915, p. 119-128) provides: "The persons, association or corporation accepted as lessees under this act, if not already a corporation created under the laws of Georgia, shall from the time of such lease being entered on the executive minutes, and until after the final adjustment of all matters springing out of said lease contract, become a body politic and corporate under the laws of this State, under the name and style of the Western & Atlantic Railroad, which body corporate shall be operated only from the time of their taking possession of said road as lessees; and it shall have the power to sue and be sued on all contracts made or to be performed, and all torts committed, by said company, in like manner and time and place as other railroad companies operating railroads in this State may sue and be sued, after the execution of said lease or for any cause of action which may accrue to said company or to which it may become

liable." This provision is substantially the same as that contained in the act of 1889. Construing the provision of the act of 1889, the Supreme Court, in *Nashville, Chattanooga & St. L. Ry.* v. *Edwards,* 91 *Ga.* 24 (16 S. E. 347), said: "When, therefore, the Nashville, Chattanooga & St. Louis Railway Company became the lessee under this act, a new corporation under the laws of Georgia was created under the name and style of the Western & Atlantic Railroad Company; and for any tort committed in the operation of its railroad, that corporation, and not the Nashville, Chattanooga & St. Louis Ry. Company, is liable." This principle was followed in *Branan* v. *N., C. & St. L. Ry.,* 119 *Ga.* 738 (46 S. E. 882); *Western & Atlantic R. Co.* v. *Peacock,* 16 *Ga. App.* 772 (86 S. E. 389); *Armour Car Lines* v. *Summerour,* 5 *Ga. App.* 618 (63 S. E. 667); *Bennett* v. *W. & A. R. Co.,* 42 *Ga. App.* 821 (157 S. E. 365). See also Central Trust Co. of N. Y. *v.* Chattanooga, R. & C. R. Co., 68 Fed. 685; N., C. & St. L. Ry. *v.* Faris, 166 Tenn. 238 (60 S. W. (2d.) 425). It will be seen, therefore, that any person or corporation which leases that line of railroad belonging to the State of Georgia which extends from Atlanta, Fulton county, to Chattanooga, Tenn., automatically becomes a new corporation under the laws of this State, to be known as the Western & Atlantic Railroad. It appears from the evidence that the Nashville, Chattanooga & St. Louis Railway became the lessee of the property of the State under the act of 1915. Therefore, when operating this property, it became a corporation of the State of Georgia known, as described in the act of 1915, as the "Western & Atlantic Railroad," which is a separate and distinct corporation from Nashville, Chattanooga & St. Louis Railway, a corporation of the State of Tennessee. The evidence of the plaintiff shows without question that his employment and duties related to the operation of the Western & Atlantic Railroad. He was, therefore, as a matter of law, an employee of Western & Atlantic Railroad and not of the Nashville, Chattanooga & St. Louis Railway. This case presents the anomalous situation of a corporation actually operating under an alias. The terms of the lease act automatically make the lessee a corporation to be known as the "Western & Atlantic Railroad." Its former existence is lost as a legal entity, although as a matter of fact it may still cling to the former name of the lessee. We might ask the question, when is a lessee

not a lessee, and answer it by saying when it is the Western & Atlantic Railroad. However, this is the law, and, the plaintiff's evidence showing that he was employed in connection with the operation of the Western & Atlantic Railroad, and that the negligence complained of occurred on property of the Western & Atlantic Railroad, by officers or agents of that company, he is not entitled to recover against the Nashville, Chattanooga & St. Louis Railway, the defendant in the present case. The court therefore did not err in awarding a nonsuit. The exclusion of the evidence noted above was harmless error, as no other conclusion could have been reached in the case. Nor did the court err in allowing the amendment to the defendant's answer.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*