**Harry James FLYNN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14234.**

United States Court of Appeals
Ninth Circuit.

Sept. 24, 1954.

Writ of Certiorari Denied
Jan. 31, 1955.

See 75 S.Ct. 344.

Harry J. Flynn, appellant, in propria persona.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Manuel L. Real, Manley J. Bowler, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE, and CHAMBERS, Circuit Judges.

## PER CURIAM.

Flynn was indicted for transporting in interstate commerce a car which he knew to be stolen.[1] He was tried without a jury and by the Court found guilty as charged on February 25, 1953. The Court ordered reference to the Probation Officer and a psychiatrist. Based upon the report of the latter the Trial Court found on March 23, 1953, that "defendant was mentally incompetent at time of trial and conviction" and unable to understand the proceedings against him or properly to assist in his own defense, and ordered "that judgment heretofore pronounced is vacated and a new trial is granted." Flynn was committed to the custody of the "Attorney General to receive proper medical care until he is competent." A motion to vacate the indictment, two motions to dismiss the indictment and a petition for habeas corpus were filed by counsel other than the one who took part in the first proceeding. The motions were denied. The Court ordered an examination by a different doctor and, apparently being satisfied of the present mental condition of defendant, on November 30, 1953, denied the application for a writ of habeas corpus and thereupon the case again came for trial before a jury. The Government presented evidence as to the commission of the offense and as to the mental condition of the defendant, and the defense introduced records and testimony as to the latter. The jury found a general verdict of guilty and a special verdict that defendant was sane during all the period of the commission of the offense. The Court pronounced sentence.

There is no defect in this case. The theory of counsel is that appellant has been placed in double jeopardy. But the Trial Court found Flynn was incompetent on his first trial and vacated the judgment of conviction. This formal act was proper and fit, but it was not a necessity. The proceeding was absolutely void and every court would hold it so. The statutes and rules of procedure cannot give vitality to a judgment coram non judice. This is the inherent nature of the court which does not depend upon the written word. If a defendant is not able to understand the proceedings against him and the nature of the crime with which he is charged, he is not present in court even though his body be there. No trial could be held or judgment pronounced against him under the circumstances.

There is a suggestion that 18 U.S.C.A. § 4241 ff. provides the exclusive procedure for the vacation of a sentence imposed upon one subsequently discovered to be incompetent to assist in his defense at time of trial. This is not true. In the case at bar, the statute did not cover the circumstances and the Court had inherent power to vacate the judgment and retry the defendant when competent.

But merely because he could not understand the proceedings in the first trial does not mean that he was so incompetent for all time thereafter or that he did not know right from wrong when he committed the act. To hold otherwise would be to fly in the face of medical science and common sense.

The proceedings in the second trial

1. 19 U.S.C.A. § 2312.

were fair. Appellant was represented by competent counsel and found guilty and sane at the time of the commission of the act.

The judgment is affirmed.