Ben N. GIFFORD, Appellant,

v.

WICHITA FALLS & SOUTHERN RAILWAY COMPANY, Appellee.

No. 15365.

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

As Modified on Denial of Rehearing
Aug. 9, 1955.

Jack G. Banner, Philip S. Kouri, Wichita Falls, Tex., Kouri & Banner, Wichita Falls, Tex., for appellant.

John H. Alvis, Abilene, Tex., Leslie Humphrey, Wichita Falls, Tex., H. W. Fillmore, Wichita Falls, Tex., J. B. Look, Jr., Dallas, Tex., Bullington, Humphrey, Humphrey & Fillmore, Wichita Falls, Tex., Wagstaff, Harwell, Alvis & Pope, Abilene, Tex., of counsel, for appellee.

Before RIVES, Circuit Judge, and DAWKINS and DE VANE, District Judges.

DE VANE, District Judge.

This action was brought by appellant, hereinafter referred to as plaintiff, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to set aside a release executed by him and to recover damages for personal injuries. Plaintiff alleged in his complaint that he was injured while employed by defendant as a bridge carpenter; that he received injuries necessitating the amputation of his right leg, and that he was induced by defendant's agent to execute a release in consideration of a lifetime job and the sum of $6,000.00. The complaint further alleged that the promise of a lifetime job was fraudulently made and the release was therefore void and of no binding effect.

Defendant answered the complaint by asserting the validity of the release and traversing plaintiff's allegations as to negligence.

On April 29, 1953 this action was tried before the court and a jury; defendant appearing and vigorously contesting plaintiff's case; which, at the conclusion of the testimony, resulted in the trial court directing a verdict for the defendant. Plaintiff appealed to this court and defendant, through counsel, resisted the efforts of plaintiff to secure a reversal of the trial court's judgment.

In an opinion reported in 211 F.2d 494 this court remanded the case for a new trial, holding that it was error for the trial court to direct a verdict under the facts and evidence presented by plaintiff. The case was again set for trial at the October, 1954 term of court. On September 27, 1954 defendant filed a motion to dismiss the action or in the alternative, for a summary judgment and this motion was set for hearing before the court on September 30, 1954. Prior to the hearing on defendant's motion, plaintiff filed with the court a motion for leave to amend the complaint by correcting what he alleged to be a misnomer of the defendant. The court heard oral argument on plaintiff's motion and denied plaintiff leave to amend. Although the record discloses no order of denial the record fully supports plaintiff's claim in this regard.

After refusing to permit plaintiff to amend, the court heard evidence on defendant's motion to dismiss or for a summary judgment and at the conclusion of the testimony ordered the case dismissed. The case is before this court on appeal from the lower court's order of dismissal.

The mix-up in this case grows out of the following facts: Plaintiff brought this action against Wichita Falls &

Southern Railway Company. The evidence on the motion to dismiss discloses that some years prior to the institution of this suit the Wichita Falls & Southern Railroad Company acquired all the assets of the Wichita Falls & Southern Railway Company and that the Railroad Company was, in fact, the owner and operator of the railroad property and that plaintiff was, in fact, an employee of said company. The evidence further shows that these corporations are interrelated; that the two corporations occupy offices together and that only employees on the payroll of the Railroad Company perform services for the Railway Company.

Plaintiff relies upon Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in support of his right to amend the complaint to substitute the Railroad Company for the Railway Company as party defendant and cites numerous cases in support of his position in this regard.

Defendant relies chiefly on two decisions of the Texas Court of Civil Appeal, viz.: Wichita Falls & Southern Railway Company v. Foreman, 109 S.W. 2d 549 and Gillette Motor Transport Company v. Whitfield, 160 S.W.2d 290. These cases clearly support defendant's contention and if they are controlling upon this court are decisive of this case in defendant's favor.

■ The court is of the opinion, however, that they are not controlling or even applicable in this case. The matter of amendment to pleadings is a procedural matter governed by Federal law and the Federal Rules of Civil Procedure and not by Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. See: Tozer v. Charles A. Krause Mill, 3 Cir., 189 F.2d 242; Zumwalt v. Gardner, 8 Cir., 160 F.2d 298; Copeland Motor Co. v. General Motors Corporation, 5 Cir., 199 F.2d 566; Grandey v. Pacific Indemnity Co., 5 Cir., 217 F.2d 27.

In Copeland Motor Co. v. General Motors Corporation, supra, Judge Hutcheson, speaking for the court, said [199 F.2d 567]:

"Drawn to give effect to the principle that cases should, as far as possible, be determined on their merits and not on technicalities, the courts have given Rule 15 not lip service merely but full fealty."

In Grandey v. Pacific Indemnity Co., supra, Judge Rives, speaking for the court, said [217 F.2d 29]:

"* * * this case is governed by the Federal Rules of Civil Procedure, particularly Rules 4(h) and 15, 28 U.S.C.A. Under those liberal rules, the Pacific Indemnity Company should not be permitted to take advantage of a mere misnomer that injured no one, and the district court erred in refusing to permit the amendment of the summons and of the complaint and in dismissing the action. United States v. A. H. Fischer Lumber Co., 4 Cir., 162 F.2d 872. We think that Professor Moore, citing that case with approval, accurately stated the rule:

"'The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.'"

No better cases could be found to apply these legal principles. The service made in this case would have constituted legal service upon the Railroad Company had it actually been named in the complaint and summons, instead of the Railway Company. Both corporations were, from the beginning, aware of the pendency of this action. They officed together and had common employees.

■ The record shows that these two corporations are affiliated in a manner known primarily to themselves and their owners and where intercorporate relationships, such as are here present, exists, it would constitute a denial of justice to permit one such corporation to

pursue a policy adopted by the defendant in this case and after a long and hard trial and an appeal on which the defendant lost, then to be permitted, just before the second trial begins, to say: "You are suing the wrong person; you should have sued my Siamese sister," and by this action bring about a dismissal of the case and deny plaintiff the right to have his cause of action determined on its merits. Where intercorporate relationships exist in cases such as this all such corporations are held to a higher degree of frank disclosure of mistakes such as was made in this case, than is required in other cases where no close relationship exists.

The judgment in this case is wrong. For that reason the case is reversed and remanded to the lower court for further proceedings not inconsistent with this opinion.

On Petition for Rehearing.

PER CURIAM.

The petition for rehearing filed in the above styled and numbered case takes exception to the following statement in the court's opinion: "The evidence further shows that these corporations are inter-related *and subsidiaries of a third corporation.*" (Italics supplied.) Appellee insists there is no evidence to support the finding by the court that appellee is a "subsidiary of a third corporation."

The court has carefully reviewed the record touching this matter and since it could be the court misunderstands the testimony of a witness produced on behalf of the defendant on the subject, to avoid any possibility of error in this regard, it is

Ordered that the words: "and subsidiaries of a third corporation" be stricken from the opinion as they appear in paragraph 6 thereof.

Otherwise petition for rehearing is hereby

Denied.