**C. L. FRICKS**

v.

**LOUISVILLE & NASHVILLE RAIL-ROAD CO.**

**Civ. A. No. 11374.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 23, 1968.

As Corrected Dec. 27, 1968.

Hewlett & Levy, Atlanta, Ga., for plaintiff.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

**ORDER**

EDENFIELD, District Judge.

In this diversity action for damages resulting from a collision of an automobile and a train, defendant Louisville & Nashville Railroad Company (L & N) moves for summary judgment on the ground that the plaintiff has sued the wrong defendant. If granted, plaintiff's action would now be barred by the statute of limitations.

It is undisputed that the defendant L & N is authorized to and does operate a railroad within the State of Georgia and that its train and its employees were involved in the collision complained of. Part of its operations, however, are carried on over tracks comprising the Western & Atlantic Railroad (W & A), which tracks are leased by the L & N from the State of Georgia, pursuant to a Georgia statute, Ga.Laws, Ex.Sess., 1915, pp. 119–128. This statute provides that:

"The * * * corporation accepted as lessees under this Act * * *

shall from the time of such lease being entered on the Executive Minutes * * * become a body politic and corporate under the laws of this State, under the name and style of the Western & Atlantic Railroad * * * and it shall have the power to * * * be sued on * * * all torts committed * * *."

Defendant apparently contends that the effect of this statue is to relieve the L & N from liability for torts committed on this line and to require that actions asserting such liability be brought against, and only against, the W & A. More to the point, it also contends that the defect is not amendable and that plaintiff's claim, being now barred by the statute of limitations, must fail on the merits.

Technically the defendant may be correct that the W & A should have been sued, but to hold that, under these circumstances, such defect is not amendable, would be the world's classic example of exalting form over substance. Rule 15(c) of the Federal Rules, as amended, provides that:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

With respect to amendability, there is no facet of the present situation which is not expressly covered by this rule. Indeed, the facts here strongly suggest that, but for certain Georgia cases to be mentioned, an amendment (and hence resort to the rule) would be unnecessary: For example, there is no necessity here to "change" parties as the rule permits. On the contrary, the two "parties", in this context, *are* one and the same—made so by statute. As the Georgia courts have said of this statute, the case

"* * * presents the anomalous situation of a corporation actually operating under an alias."

An "alias" is another name for the same person, and when the statute says the L & N, as lessee, shall "become" the W & A, a suit against the L & N would appear to necessarily be a suit against the W & A—and this without the substitution of any parties or the piercing of any veil. Here there is no veil.

Moreover, the Georgia statute here referred to only says that the W & A "may" be sued for its torts. It does not say that the L & N, unlike every other railroad in the state, is not liable for its torts, and if it attempted to say so, the statute would appear to be patently unconstitutional.

But to decide this motion it is not necessary to reach either of these questions. There is the Rule, and the court concludes that it applies. It follows that if an amendment is offered changing the title of the defendant, it will be allowed.

It is true that there is at least one older decision from the Georgia Court of Appeals (Hilderbrand v. N. C. & St. L. Ry., 51 Ga.App. 10, 179 S.E. 591 (1935)), which, under the Georgia practice in force at that time, might seem to require a different result. There, in granting a nonsuit against a plaintiff attempting to sue the L & N, the court said:

"This case presents the anomalous situation of a corporation actually operating under an alias. The terms of the lease automatically make the lessee a corporation to be known as

the 'Western & Atlantic Railroad'. Its former existence is lost as a legal entity although as a matter of fact it may still cling to the former name of the lessee."

This case, however, did not involve the right to amend and was decided before the Georgia Civil Practice Act and before the quoted Federal Rule and would appear to be completely out of step with both, which freely allow the correction of misnomers where the real party at interest has not been prejudiced thereby.

In reaching this conclusion, the court has not overlooked Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938), which would require, if a substantive right is involved, that the law of the state be applied. The better conclusion is, however, that the question here is not substantive, but procedural, and that *Erie* does not apply. See 3 Moore, Federal Practice ¶ 15.15[2], and cases cited.[1]

The court has also not overlooked Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). That case is distinguishable, however, in that there the suit was not served until the state statute of limitations had run, and the court merely held that since the case was barred in the state courts, it was likewise barred in the federal courts. No such impediment appears in this case.

The motion of the defendant for summary judgment is denied.

1. See, also, Gifford v. Wichita Falls & Sou. Ry. Co., 224 F.2d 374,' 376 (5th Cir., 1955), where the Court said: "In Copeland Motor Co. v. General Motors Corporation, supra, Judge Hutcheson, speaking for the court said [199 F.2d 566, 567]: ¶ 'Drawn to give effect to the principle that cases should, as far as possible, be determined on their merits and not on technicalities, the courts have given Rule 15 not lip service merely but full fealty.' ¶ In C. S. Grandey v. Pacific Indemnity Co., supra, Judge Rives, speaking for the court, said [217 F.2d 29]: ¶ '* * * this case is governed by the Federal Rules of Civil Procedure, particularly. Rules 4(h) and 15, 28 U.S.C.A. Under those liberal rules, the Pacific Indemnity Company should not be permitted to take advantage of a mere misnomer

that injured no one, and the district court erred in refusing to permit the amendment of the summons and of the complaint and in dismissing the action. United States v. A. H. Fischer Lumber Co., 4 Cir., 162 F.2d 872. We think that Professor Moore, citing that case with approval, accurately stated the rule: ¶ ' "The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person." '

No better cases could be found to apply these legal principles."