## 44458. MOORE v. LOUISVILLE & NASHVILLE RAILROAD COMPANY.

HALL, Judge. The plaintiff appeals from a summary judgment for the defendant and dismissal of the plaintiff's petition. The petition alleged that the plaintiff was injured when the defendant's train hit a truck he was driving at a grade crossing; that the defendant's engineer was negligent in several particulars in operating the train; and that the defendant was negligent in failing to install an automatic signaling device at the crossing which was hazardous. The defendant filed a motion for summary judgment and, in the alternative, to dismiss the action as setting forth no cause of action upon which relief can be granted and no cause of action against the defendant. The plaintiff filed a motion to dismiss the motion for summary judgment, relying on the facts shown by the defendant's answers to interrogatories that ". . . during the time in question, the defendant paid the salary of the locomotive engineer whose negligence is alleged to have caused the occurrence and also the locomotive involved was owned by this defendant." The defendant (successor to Nashville, Chattanooga & St. Louis Railway) presented evidence show-

ing that the defendant is the lessee of the railroad of the Western & Atlantic Railroad.

A Georgia statute in effect when this action was commenced provides that lessees of the Western & Atlantic Railroad shall become a Georgia corporation under the name Western & Atlantic Railroad Company, and for any tort committed in the operation of its railroad the corporation designated by this statute is liable, and not the foreign corporation leasing the railroad. *N. C. & St. L. R. Co. v. Edwards,* 91 Ga. 24 (16 SE 347); *Bennett v. Western & A. R. Co.,* 42 Ga. App. 821 (157 SE 365); *Hildebrand v. N. C. & St. L. R. Co.,* 51 Ga. App. 10 (179 SE 591). The anomalous situation created by existing law will not be present under the new lease statute. Ga. L. 1968, pp. 54, 845.

The case of *Western & A. R. Co. v. Peacock,* 16 Ga. App. 772 (86 SE 389), does not support the plaintiff for the reason that at the time of that plaintiff's alleged injury the Nashville, Chattanooga & St. Louis Railway crew was still in control of its train at a terminal in Chattanooga and the Western & Atlantic Railroad Company's separate train crew had not taken over and the train had not been delivered to the Western & Atlantic Railroad Company for operation from Chattanooga to Atlanta.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED MAY 7, 1969—DECIDED SEPTEMBER 26, 1969.

*Wall & Campbell, Alford Wall,* for appellant.
*R. M. Reed,* for appellee.