### 46488. GRIGGS v. LOUISVILLE & NASHVILLE RAILROAD COMPANY.

JORDAN, Presiding Judge. The plaintiff in her complaint, filed on September 8, 1969, alleges that she was injured on September 29, 1967, when the front of the automobile which she was driving dropped into a hole and struck the approach to a railroad track. The defendant in its first defense asserted that the complaint failed to state a claim against it upon which relief can be granted, and moved for a hearing on this defense under the provisions of CPA § 12 (d). Prior to the hearing the parties stipulated that the incident occurred on the right of way of the Western & Atlantic Railroad Company at the Dobbs Street

crossing in Marietta. The trial judge sustained the first defense and dismissed the complaint. *Held:*

1. Matter outside the pleadings having been presented and not excluded by the trial judge on a motion asserting the defense of failure to state a claim for relief against the defendant, the ruling of the trial judge is treated as the grant of a summary judgment. CPA § 12 (b, c, d) *(Code Ann. § 81A-112 (b, c, d)).*

2. Although the new lease to the defendant of the Western & Atlantic Railroad was accepted by the State on March 4, 1968, pursuant to a resolution of the same date, it was for a term "beginning from and immediately at the termination of the lease contract now existing (which will terminate on the 27th of December, 1969)." Ga. L. 1968, pp. 54, 58.

Thus there is no merit in the contention of the plaintiff that the proper party defendant for the present tort action commenced on September 8, 1969, and based on the operation of the Western & Atlantic Railroad on September 29, 1967, is to be determined by the terms of the new lease statute.

It is well settled that under the law in effect before the new lease statute a claimant must proceed against the Western & Atlantic Railroad Company instead of the lessee. See *Moore v. Louisville & Nashville R. Co.,* 120 Ga. App. 394 (170 SE2d 831).

*Judgment affirmed. Quillian and Evans, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1971—DECIDED SEPTEMBER 29, 1971— REHEARING DENIED OCTOBER 20, 1971—

*Al D. Tull,* for appellant.
*Raymond M. Reed,* for appellee.