## 48980. WHITEHURST v. UNIVERSAL C.I.T. CREDIT CORPORATION.

EVANS, Judge.

Universal C. I. T. Credit Corporation, plaintiff, obtained a judgment against Burris Whitehurst, defendant, and caused an execution to be levied on certain real property of defendant, to which levy defendant filed an affidavit of illegality, contending the levy was excessive, and that the lands levied on were capable of division.

Plaintiff moved to dismiss the affidavit of illegality (in reality a motion to strike for failure to state a legal defense), because Code § 39-1004 provides that an affidavit of illegality is not a remedy for an excessive levy. Defendant then amended the affidavit of illegality to show that the plaintiff was a nonresident of the county; that excessiveness of the levy was a proper defense and would serve to avoid a multiplicity of suits; and same should be tried on the merits.

A hearing was held; a judgment was rendered, dismissing the affidavit of illegality, and ordering the sheriff to proceed with the levy. Defendant appeals. *Held:*

1. Code Ch. 39-10 sets out how illegalities shall be filed and tried; but the Civil Practice Act applies when

the proceeding is filed and issue joined in the superior court. Code Ann. § 81A-181 (§ 81, CPA; Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109).

2. Code Ann. § 81A-112 (§ 12, CPA; Ga. L.1966, pp. 609, 622; as amended) provides that when a motion to dismiss because of failure of the pleadings to state a claim is under consideration, and matters outside the pleadings are presented and considered by the court, the motion shall be treated as one for summary judgment under Code Ann. § 81A-156. *Griggs v. L.&N. R. Co.,* 124 Ga. App. 629 (185 SE2d 546).

3. This rule of law also applies to motions to dismiss affirmative defenses, for under the general rules of pleadings a defense may be dismissed as a counterclaim. Code Ann. § 81A-108 (§ 8, CPA, supra). In *Gamble v. Reeves Transportation Co.,* 126 Ga. App. 161 (190 SE2d 95), a cross claim was dismissed for failure to state a claim. And again in *Hinton v. Ga. Power Co.,* 126 Ga. App. 416, 420 (190 SE2d 811), certain defenses were stricken from the answer and the defendants were required to recast the answer.

4. The court states it heard evidence, but the notice of appeal by defendant states that, "no transcript of evidence has been filed and no transcript of evidence will be filed." We have learned there is no transcript of evidence in the lower court. It follows that the judgment of the lower court must be affirmed, because a review of the error enumerated as to dismissal of the affidavit of illegality requires a study of the evidence. *Holloway v. Poppell,* 114 Ga. App. 531, 532 (152 SE2d 4); *Clark v. State,* 219 Ga. 680, 683 (2) (135 SE2d 270).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

Submitted January 14, 1974 — Decided March 7, 1974.

*Edward Parrish,* for appellant.
*Kelley & Allen, Roy Benton Allen, Jr.,* for appellee.