## 54213. RAY v. WILLIAMS et al.

BANKE, Judge.

The defendants in this medical malpractice case were awarded summary judgment, whereupon the plaintiff filed the first of three notices of appeal. Forty-three days later, the trial court granted a defense motion to dismiss the appeal for failure to pay costs. In the interim, the plaintiff had filed a motion for an extension of time in which to pay costs, but he apparently never obtained a ruling on it.

The plaintiff filed a second notice of appeal directed to the dismissal of his first appeal, attaching a pauper's affidavit in lieu of costs. Both defendants traversed the affidavit; and, following a hearing, the trial court found the affidavit to be untrue and again dismissed for failure to pay costs. This appeal followed; and, the costs apparently having now been paid, the record of the entire case was transmitted to this court.

1. No transcript or brief of the evidence introduced at the hearing on the pauper's affidavit appears in the record. Therefore, it must be assumed that the evidence supported the judge's finding that the plaintiff is not without means to pay the costs of preparing the record for transmission to this court. See *Dunaway v. Beam,* 129 Ga. App. 220 (199 SE2d 395) (1973); *Whitehurst v. Universal C. I. T. Credit Corp.,* 131 Ga. App. 202, 203 (205 SE2d 489) (1974). Nevertheless, it does not automatically follow that the trial court was authorized to dismiss the second appeal. Code Ann. § 6-809 (b) (Ga. L. 1968, pp. 1072, 1073) authorizes the trial court to dismiss an appeal for failure to pay costs or file a valid pauper's affidavit only where there has been a resulting delay which is both "unreasonable" and "inexcusable." "In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts. (Cit.)" *Young v. Climatrol Southeast Distributing Corp.,* 237 Ga. 53, 55 (226 SE2d 737) (1976).

In the *Young* case, the costs were not paid nor a pauper's affidavit filed until 22 days after the filing of the notice of appeal, or two days after the 20 days allowed by law for the clerk to transmit the record. See Code Ann. §

6-808 (a). The trial court made a finding that the delay was inexcusable and dismissed the appeal. The Supreme Court reversed due to the absence of an express finding that the delay was unreasonable. The court also stated: "In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." *Young v. Climatrol Southeast Distributing Corp.*, supra, p. 55.

In neither of its dismissal orders did the trial court in this case make an express finding that the plaintiff had caused an unreasonable or an inexcusable delay in the transmission of the record. As to the second appeal, there is not even any indication of when the record was ready for transmission. The dismissal of this appeal occurred only 19 days after the notice of appeal was filed. Consequently, we cannot assume that the plaintiff was responsible for an unreasonable delay in the transmission of that record because of the failure to pay costs. Also, since that appeal was dismissed via the same order which found the pauper's affidavit to be untrue, and since there is nothing in the record to indicate that the plaintiff's reliance on the affidavit was other than in good faith, no support appears for a finding that the failure to pay costs was inexcusable. It was accordingly error to dismiss the second appeal.

2. The situation with regard to the first appeal is quite different. Here, the costs remained unpaid 43 days after the notice of appeal was filed and 38 days after plaintiff's counsel was notified by the clerk that the record was ready. Midway through this period, the plaintiff moved for an extension of time to raise the money. Although he never obtained a ruling on the motion, the dismissal did not occur until three weeks later, at which point he had still neither paid the costs nor filed a pauper's affidavit.

"In such circumstances, the appellate court is not left in the position decried in the *Young* case, of being unable to evaluate the exercise of the trial court's discretion. Under the facts of this case, inherent in the finding of the trial judge that the appellants had failed to have the

record transmitted to the appellate court within the time prescribed, is a finding that the failure was both unreasonable and inexcusable." *Karlsberg v. Hoover,* 142 Ga. App. 590, 593 (236 SE2d 520) (1977). See *Lee v. White Truck Lines, Inc.,* 143 Ga. App. 94 (1977).

Accordingly, we find that dismissal of the first notice of appeal was authorized, rendering the error in dismissing the second appeal harmless.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 12, 1977 — DECIDED NOVEMBER 3, 1977 — REHEARING DENIED NOVEMBER 18 AND DECEMBER 1, 1977.

*Prentiss Ivory Davis,* for appellant.

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler, J. Ronald Mullins, Jr., Calhoun & Kernaghan, William C. Calhoun,* for appellee.