E. L. MARCUM, *etc.*

*v.*

WALLACE MARCUM, SR., *etc., et al.*

(No. 14035)

Decided April 1, 1980.

*Beckett, Burford & James and Charles E. Heilmann* for appellant.

*Kenneth H. Fisher and James H. Young, Jr.,* for appellees.

NEELY, CHIEF JUSTICE:

In July of 1976, E. L. Marcum and certain of his brothers and sisters, all children of Wallace O. Marcum, Sr. by his first marriage, filed a complaint in the Circuit Court of Wayne County naming Wallace O. Marcum as the defendant. That complaint alleged Wallace O. Marcum had used undue influence to procure a series of deeds conveying certain tracts of land in Wayne County from Wallace O. Marcum, Sr. to Wallace O. Marcum. The complaint alleged these deeds were not executed by Wallace O. Marcum, Sr. of his own volition because he was incompetent at the time. The complaint further alleged the defendant was committing waste upon the property. The prayer asked that the waste be enjoined and the conveyances set aside.

The defendant filed a motion to dismiss under Rule 12, *W. Va. R.C.P.* which the court overruled, permitting the action to proceed in the name of E. L. Marcum, next friend of Wallace Marcum, Sr. The order overruling the motion also "appointed" E. L. Marcum as next friend of Wallace Marcum, Sr. An amended complaint was presented to the court and ordered filed.

The defendant filed a motion to dismiss the amended complaint and set aside the order appointing E. L. Marcum as next friend. The motion alleged that by permitting the amended complaint to be filed, the trial court had permitted improper substitution of parties contrary to Rule 25, *W. Va. R.C.P.* On 11 January 1977, an order was entered dismissing "the complaint and amended complaint" but granting leave to the plaintiff to file an

"amended complaint" within twenty days. On 20 January, the plaintiff filed a second amended complaint. The plaintiff was E. L. Marcum, next friend of Wallace Marcum, Sr., and for the first time Wallace Marcum, Sr., a mental incompetent appeared as defendant along with Wallace Orville Marcum. Filed the same day was a motion asking the court to "confirm" E. L. Marcum as next friend of Wallace Marcum, Sr. and to appoint a guardian *ad litem*. The court declined to confirm E. L. Marcum as next friend because Rule 17, *W. Va. R.C.P.* does not provide for "confirmation." The order appointed a guardian *ad litem*.

The defendant moved to dismiss the second amended complaint which the court granted and it is from that dismissal that the plaintiff, E. L. Marcum, next friend of Wallace O. Marcum, Sr., appeals.

The appellant urges that the court erred in dismissing the complaint. There is no transcript of the hearings on the various motions to dismiss so we have no records of the trial court's reasoning in granting the dismissal. The record contains no findings of fact or conclusions of law to which we may look. Absent any reasons for the trial court's dismissal we must examine the record to determine if it supports the dismissal. One of the grounds for the motion to dismiss was that E. L. Marcum had no standing to sue under Rule 17, *W. Va. R.C.P.* We find, however, that there is standing under Rule 17.

We must first look to Rule 17(c), *W. Va. R.C.P.*:

> Whenever an ... incompetent person ... had [sic] a duly qualified representative, such as a ... committee ... such representative may sue or defend on behalf of the ... incompetent person. ... If a person under any disability does not have a duly qualified representative he may sue by his next friend.

The rule expresses a preference that suits in behalf of incompetent persons be brought or defended by a committee, if there is one. But, absent a committee, a next

friend may sue. This Court's interpretation of similar statutes which were superseded by Rule 17(c) supports this conclusion:

> An insane person may prosecute an action in his own name by next friend, when no committee has been appointed for him, or, if appointed, has failed to accept or qualify, or is otherwise disqualified to act in that capacity. *Houseman v. Home Insurance Company*, Syl. pt. 1, 78 W.Va. 203, 88 S.E. 1048 (1916).

In the proceeding under review the record indicates that in 1976 Wallace O. Marcum, Sr. was adjudicated an incompetent in Martin County, Kentucky, and his spouse was appointed as committee for him. A committee generally has no legal status in a foreign jurisdiction and may not sue or defend except on the basis of comity or some statutory authorization of the foreign state. *See* 44 *C.J.S.* Insane Persons §§ 154-155. This State has no statute which authorizes the Kentucky Committee to sue in this State. Accordingly, for the purposes of Rule 17(c), *W. Va. R.C.P.* there was no committee duly qualified to sue in Wayne County on behalf of Wallace O. Marcum, Sr., so that Rule 17(c) presents no impediment to the suit being brought by E. L. Marcum as next friend of Wallace O. Marcum, Sr.

It is asserted that the case of *Harman v. Harman*, 90 W.Va. 303, 110 S.E. 718 (1922) precludes the children of an incompetent from instituting a suit in that incompetent's behalf. Syllabus Point 1 of *Harman* held that children of one still living but adjudged insane have no right or interest in the incompetent's estate which they are entitled to vindicate, and for that reason cannot sue in their own behalf. This holding of *Harman* would have been sufficient ground to dismiss the first complaint brought by the children of Wallace O. Marcum, Sr. in their own right, but the holding does not bar a suit by a child acting as next friend, and accordingly does not provide grounds to dismiss the second amended complaint.

Traditionally rules about standing have been used to limit the workload of courts; however, restrictive rules about standing can force the loss of rights by delaying accrual of a cause of action until it is too late for the courts to protect the litigants. *Trail v. Hawley*, ____ W.Va. ____, 259 S.E.2d 423 (1979). Since Mr. Marcum, Sr. was an adjudicated incompetent, there is reason to believe that he might have been induced by undue influence to transfer his property in a way which he would not have done if he had been competent. Since had he not been adjudicated incompetent he could have brought an action to set aside the deed for fraud or duress himself, *Mason v. Fisher*, 143 Ga. App. 573, 239 S.E.2d 226 (1977), *Neely v. Hogan*, 62 Misc. 2d 1056, 310 N.Y.S. 2d 63 (1970), it is only reasonable that a next friend, absent a qualified committee, should be able to bring the action for him.

The defendants' motion to dismiss the second amended complaint alleged the interests of E. L. Marcum were "antagonistic" to the interests of Wallace O. Marcum, Sr. and precluded him from acting as next friend. This is a question of fact that can be decided by the court. *See Houseman v. Globe & Rutger's Fire Insurance Company*, 78 W.Va. 586, 89 S.E. 269 (1916). In this proceeding the record contains no evidence or findings of fact which permit this issue to be considered.

Accordingly the final judgment dismissing the second amended complaint is reversed, and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*